11 CV 2694 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY PEOPLES,

                                                        Plaintiff,

-against-

BRIAN FISCHER ET AL.

                                                        Defendants.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Brown, Rosenbaum, &*
*Crusco*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Ryan G. Shaffer*
*Tel: (212) 788-1041*
*Matter #:2011-019703*

## PRELIMINARY STATEMENT

Plaintiff Leroy Peoples commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants, Assistant District Attorney Peter A. Crusco, Assistant District Attorney Eric C. Rosenbaum, and District Attorney Richard A. Brown violated his civil rights. Plaintiff's original complaint was filed on June 22, 2011. (Plaintiff's Statement of Claim.) Defendants ADA Crusco, ADA Rosenbaum, and DA Brown, (collectively, the "Prosecutor Defendants") now move to dismiss the operative pleading pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the grounds that (1) Plaintiff fails to show that the Prosecutor Defendants were the proximate cause of the injuries alleged; (2) Plaintiff fails to state a conspiracy claim; and (3) the Prosecutor Defendants are entitled to both absolute and qualified immunity.

## STATEMENT OF FACTS

Plaintiff Leroy Peoples brought this action against the Prosecutor Defendants, as well as several officials in the New York State Department of Correctional Services ("DOCS") pursuant to § 1983, for violations of his constitutional rights. (Plaintiff's Statement of Claim.) To the extent that defendants are able to discern the allegations in plaintiff's complaint, plaintiff appears to allege that the Prosecutor Defendants acted in concert with officials at Green Haven Correctional Facility to suppress his speech by confiscating his UCC materials. (Plaintiff's Statement of Claim Point 1.) Plaintiff further alleges that, as a result of the defendants' communications with prison officials, he lost access to the prison law library, was unlawfully confined in the Special Housing Unit for three years, and lost three years of unspecified privileges. Finally, plaintiff alleges that as a result of being moved to the Special Housing Unit, he lost his tooth in a fist fight. (Plaintiff's Statement of Claim, Section III.)

Plaintiff also alleges that the Prosecutor defendants obtained a "gage" [sic] order against him although it unclear from the complaint what this purported order was based on or stemmed from. (Plaintiff's Statement of Claim, Point 11.)

**STANDARD OF REVIEW FOR MOTION TO DISMISS**

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure, the Court should accept the material facts alleged in the complaint as true and construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). However, the United States Supreme Court recently held that "bald assertions" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Holmes, et al. v. Poskanzer, 342 Fed. Appx. 651, 653 (2d Cir. 2009) (plaintiffs' "bald assertions" of discriminatory conduct in a §1983 case are insufficient to survive a motion to dismiss). The Supreme Court has also stated that a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570) (emphasis added). A complaint satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir.

2007) ("While <u>Twombly</u> does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'")

## ARGUMENT

### POINT I

**ANY INJURIES WERE NOT PROXIMATELY CAUSED BY THE PROSECUTOR DEFENDANTS.**

The Second Circuit has held that, in § 1983 cases, the plaintiff is required to prove that the defendant's actions are the proximate cause of plaintiff's injuries. <u>Loria v. Gorman</u>, 306 F.3d 1271, 1287 (2d Cir. 2002). Here, any purported injuries plaintiff suffered were not proximately caused by the Prosecutor Defendants because (A) any injuries were not reasonably foreseeable, and (B) the Prosecutor Defendants had no personal involvement in the acts which the plaintiff claims violated his constitutional rights.

**A.  No Reasonable Foreseeability**

It is not foreseeable that the actions of the Prosecutor Defendants would result in (a) plaintiff's restricted access to the law library, (b) plaintiff being moved to a Special Housing Unit, and (c) plaintiff getting a tooth knocked out. Rather, plaintiff's alleged injuries are the unforeseeable result of a chain of events that do not remotely connect back to the Prosecutor Defendants. Therefore, plaintiff's claims should be dismissed.

When there is an intervening act or omission that is "extraordinary under the circumstances" and is "not foreseeable in the normal course of events" it may break the causal chain of events and remove liability from an earlier acting defendant. <u>Derdiarian v. Felix Contracting Corp.</u>, 51 N.Y. 308, 315 (1980)); see also <u>Kush v. City of Buffalo</u>, 59 N.Y.2d 26, 33, 462 N.Y.S.2d 831, 835 449 N.E.2d 725, 729 (1983) ("An intervening act will be deemed a

superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant."). An intervening act "must be a new and independent force, which was not set in motion by the defendant's own wrongful acts, and must rise to such a level of culpability as to replace the defendant's negligence as the legal cause." Zahrey v. City of New York, 98-CV-4546, 2009 U.S. Dist. LEXIS 31893, at *16-17 (S.D.N.Y. Apr. 15, 2009) (internal citations and quotation marks omitted).

Here, any action taken against plaintiff was done so by correctional staff at Green Haven Correctional Facility and not the Prosecutor Defendants after it was determined that plaintiff had violated § 107.21 and § 113.30 of the Standards of Inmate Behavior (codified at 7 NYCRR § 270.2). Those rules state:

§107.21: An inmate shall not file or record any document or instrument of any description which purports to create a lien or record a security interest of any kind against the person or property of any officer or employee of the Department, the State of New York or the United States absent prior written authorization from the superintendent or a court order authorizing such filing.

§113.30: An inmate shall not possess any Uniform Commercial Code (UCC) Article 9 form, including but not limited to any financing statement (UCC1, UCC1Ad, UCC1AP, UCC3, UCC3Ad, UCC3AP, UCC1CAd), correction statement (UCC5) or information request (UCC11), whether printed, copied, typed or hand written, or any document concerning a scheme involving an inmate's "strawman," "House Joint Resolution 192 of 1933," the "Redemptive Process," "Acceptance for Value" presentments or document indicating copyright or attempted copyright of an inmate's name absent prior written authorization from the superintendent.

The Prosecutor Defendants could not reasonably have known that the prison officials would respond by stripping plaintiff of his library privileges, by confiscating his UCC materials, or by moving plaintiff to the Special Housing Unit. The punishment imposed on the plaintiff by the prison officials was "so attenuated from the [Prosecutor] defendants' conduct that

responsibility for the [plaintiff's] injury should not be reasonably attributed to them." See Fagan v. Amerisource Bergen Corp, 356 F. Supp. 2d 198, 211 (E.D.N.Y. 2004).

The injury suffered by plaintiff as a result of the fight that he had with another inmate while in the Special Housing Unit is even more attenuated. It is not reasonably foreseeable that a communication between prosecutors and prison officials regarding plaintiff's possession of UCC materials would lead to plaintiff being physically assaulted. "That inmate-on-inmate assaults happen in prison is as foreseeable as accidents happening to people who drive cars on accident-prone highways. This sort of 'foreseeability' does not equate to causality." See Martin v. City of New York, 2011 U.S. Dist. LEXIS 68885, *15 (E.D.N.Y. June 24, 2011) (holding in a § 1983 false arrest case that inmate assault on plaintiff, not plaintiff's arrest, was "the true 'independent force' that solely caused plaintiff's injuries and snapped any chain of causality reaching back to the arrest"). Therefore, any injury suffered by plaintiff as a result of actions taken by New York State DOCS officials or a subsequent inmate-on-inmate assault is an injury that the Prosecutor Defendants could not have reasonably foreseen and cannot reasonably be held responsible for.

**B.    No Personal Involvement**

The Prosecutor Defendants could not have proximately caused plaintiff's injuries because they had no personal involvement in any of the alleged constitutional violations which plaintiff is now complaining about.

In order to state §1983 claims against individually named defendants, a plaintiff must establish the defendant's personal involvement in the deprivation of any federal right. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883 (2d Cir. 1987) (complaint is fatally defective in the absence of any allegations of personal involvement); Whidbee v. Garzarelli Food Specialties,

Inc., 223 F.3d 62, 71 (2d Cir. 2000) (plaintiff's § 1981 claim against the individually named defendants were dismissed because plaintiff failed to show a causal relationship between them and the alleged harassment); Steinberg v. A.B. Proctor, 2000 U.S. App. LEXIS 11918 (2d Cir. 2000) (plaintiff's § 1985 claims were dismissed because the pleadings failed to allege sufficient personal involvement to support liability under the civil rights laws); Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) (individually named defendant dismissed where there was no direct allegation or material facts that the named defendant engaged directly in any discriminatory conduct). Accordingly, a defendant's personal involvement in an alleged deprivation of a constitutional right is a prerequisite to a damages award under § 1983. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978)); Doyle v. Coombe, 1998 U.S. App. LEXIS 20261 at *3 (2d Cir. June 12, 1998); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). Where a complaint does not allege personal involvement by defendants named in the caption, the complaint is "fatally defective on its face." Alfaro Motors v. Ward, 814 F.2d 883, 886 (2d Cir. 1987); see also Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986) (plaintiff must allege a "tangible connection between the acts of a defendant and the injuries suffered"). Absent any personal involvement, an individually named defendant cannot be held liable for alleged violations of a plaintiff's civil rights. See Williams, 781 F.2d at 323–24; Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Here, plaintiff's complaint fails to allege how the Prosecutor Defendants were personally involved in any alleged deprivation of his constitutional rights. Indeed, plaintiff only alleges, in an overbroad and generic fashion, that the Prosecutor Defendants "acted in concert

with deliberate indifference, <u>conspiratorially</u> with defendant [William] Lee [the Superintendent of Green Haven Correctional Facility] to suppress plaintiffs communication" and to violate plaintiff's constitutional rights. (Plaintiff's Statement of Claim Point 11) (emphasis in original). Specifically, plaintiff's allegations against the Prosecutor Defendants are:

1) "[that] defendant William Lee (Supt. of GreenHaven Corr. Fac.) received a packet of documents from defendant Peter A. Crusco (Exec. Asst. Dist. Att. of Queens County) that plaintiff forwarded to public officials/defendants Eric C. Rosenbaum (Asst. Dist. Att. of Queens County) and Richard A. Brown (Dist Att. of Queens County) (whom defendant Crusco represents as their Attorney) whom defendants Lee and Crusco acted in concert with 'deliberate indifference' to suppress my communication."

2) "Defendants Brown and Rosenbaum defaulted to plaintiff's jurisdictional grievances by their non-response. And as was agreed upon by these defendants whom defendant Crusco represents, they agreed to the terms of plaintiff's correspondence with them, in that , if they failed to respond to his grievances by 'general acquiescence – tacit procuration, ' that they would become tortfeasors in a commercial proceeding pursuant to U.C.C." <u>Plaintiff's Statement of Claim Point 6</u>.

3) "Moreover, defendant Crusco, a public official himself, forwarded the aforesaid materials allegedly prohibited by rules #107.21 and #113.30 to defendant Lee, that plaintiff forwarded to defendants Brown and Rosenbaum, so to exercise his 1st amendedment right to communicate and redress grievances in hopes of receiving a response/rebuttal to the jurisdiction inquiries to plaintiff's criminal conviction, so as to be able to proceed with special court proceedings pursuant to U.C.C. <u>Plaintiff's Statement of Claim Point 11</u>.

Here, plaintiff does not allege that the Prosecutor defendants were the ones who actually took away his library privileges, confiscated his UCC materials or transferred him to the Special Housing Unit. Indeed, there are no facts in the complaint to suggest that the Prosecutor Defendants participated in any way in the seemingly legitimate punishment of the plaintiff for violating prison rules. There are also no facts alleged that suggest that the Prosecutor Defendants participated in any way in the decision-making process that led to the enactment of those rules or the punishments that followed. There are not even any facts alleged to suggest that the

Prosecutor Defendants had ever been to the Green Haven Correctional Facility while plaintiff was there, or that they had any knowledge of what the conditions were like there.

Since plaintiff has not set forth any facts whatsoever to establish that the Prosecutor Defendants were personally involved in the specific acts that plaintiff complains of, they cannot be held liable for any constitutional violations.

## POINT II

### PLAINTIFF FAILS TO ADEQUATELY STATE A CONSPIRACY CLAIM.

In the Second Circuit, claims alleging conspiracies to violate civil rights are subject to a heightened pleading standard, and, thus, a detailed fact pleading is required for such claims to survive a motion to dismiss. See Ciambriello v. County of Nassau, 292 F.3d 307, 323-326 (2d Cir. 2002). "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); see Walker v. Goord, 98 CV 5217 (DC) 2000 U.S. Dist. LEXIS 3501, at *24 (S.D.N.Y. March 21, 2000) (quoting Hameed v. Pundt, 964 F. Supp. 836, 839 (S.D.N.Y. 1997)) (plaintiff "'must prove that defendants acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated [his] rights, privileges, or immunities secured by the Constitution or federal courts.'"). To survive a motion to dismiss, civil rights conspiracy claims must plead facts sufficient to support the elements of the conspiracy. Jones v. National Communication & Surveillance Networks, 409 F.Supp. 2d 456, 470 (S.D.N.Y. 2006); see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (same). In Bell Atlantic, a case involving a conspiracy allegation under section 1 of the Sherman Act, the Supreme Court

adopted a plausibility pleading standard, "stating a claim require[s] a complaint with enough factual matter to suggest an agreement. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-1970 (2007). "Asking for plausible grounds [that a conspiracy occurred] does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement." See id. at 1959. The Court also held that "factual allegations must be enough to raise a right to relief above the speculative level" and "absent a factual context suggesting [an] agreement . . . [the] complaint should be dismissed." See id. at 1961, 1965.

Plaintiff does no more than allege a conspiracy between officials at his correctional facility and the Prosecutor Defendants. He provides no factual basis upon which to allege that the Prosecutor Defendants and prison officials ever conspired to violate plaintiff's constitutional rights other than the fact that defendant Crusco sent materials to plaitniff's correctional facility that plaintiff had previously mailed to the Prosecutor Defendants. Additionally, plaintiff's complaint fails to include any facts supporting an allegation that the Prosecutor Defendants and prison officials conspired to deprive him of his constitutional rights or came to any agreement to do so. As such, plaintiff's conspiracy claims should be dismissed.

### POINT III

#### THE PROSECUTOR DEFENDANTS ARE ENTITLED TO ABSOLUTE AND/OR QUALIFIED IMMUNITY

A.  **Absolute Immunity**

Assuming *arguendo* that the Court determines that plaintiff has sufficiently alleged that the Prosecutor Defendants were personally involved in the incidents alleged in the complaint (although plaintiff has not), any and all claims against the Prosecutor Defendants are, by plaintiff's own admission, based on their role as prosecutors and are therefore barred by the

doctrine of absolute immunity.¹ See, e.g., Sivadel v. City of New York, 04-CV-2113 (SHS), 2004 U.S. Dist. LEXIS 15190, *4-5 (SDNY August 4, 2004). Thus, any claims against them should be dismissed.

It is well-established that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of her role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004); Smith v. Gribetz, 958 F. Supp. 145, 150 (S.D.N.Y. 1997). Absolute immunity in the context of 42 U.S.C. § 1983² is broad and protects a prosecutor from liability for virtually all prosecutorial acts, regardless of whether the conduct was performed in court or out of court and despite any malicious motivations. Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995); Bernard, 356 F.3d at 504; Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).

Courts in this District have held that "although a collateral attack is technically a separate, civil proceeding, a prosecutor defending a post-conviction petition remains the state's advocate in an adversarial proceeding that is an integral part of the criminal justice system." Warney v. Monroe County, 587 F.3d 113, 122 (2d Cir. N.Y. 2009). See also, Barbera v. Smith, 836 F.2d 96,99 (2d. Cir. 1987) ("This protection encompasses "all of [prosecutors'] activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation.'"); Barrett v. United States, 798 F.2d 565,572 (2d. Cir. 1986) ("The absolute immunity

---

¹ "Communications to public officials/defendants Brown and Rosenbaum was to 'redress grievances' by inquiries and/or challenges to jurisdiction in regards to plaintiffs criminal conviction and sentence(s)... Plaintiff's Statement of Claim Point 6.
² In addition, any correlative claims under §§ 1981 are also barred by absolute immunity. See Daniels v. City of Binghamton, 1998 U.S. Dist. LEXIS 9753, *9 n.1 (N.D.N.Y. June 27, 1998) ("When a prosecutor is immune under Section 1983, he is likewise immune from liability under 42 U.S.C. §1981").

accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation"); Newton v. City of New York, 681 F. Supp.2d, 473,492 (S.D.N.Y. 2010) (Following Warney's holding that "absolute immunity shields [a prosecutor's] work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state"); Adio-Mowo v. Heinemann, 1995 U.S. Dist. LEXIS 22247 (E.D.N.Y. 1995) ("Absolute immunity can therefore extend to a prosecutor's post-conviction activities where the activities are undertaken as part of the prosecutor's role as an advocate")

Although plaintiff alleges that the Prosecutor Defendants are not entitled to absolute immunity, plaintiff nonetheless concedes that the Prosecutor Defendants were acting as "public officials," ( he identifies them as public officials and notes that any communications he had with them was within their roles as public officials) and that any communication he had with them related solely to his conviction. As plaintiff does not allege that the defendants were in engaged in any conduct other than prosecutorial functions in connection with his prosecution, they are entitled to absolute immunity.

Futhermore, the Prosecutor Defendants' dealings with plaintiff's purported "grievances" should be construed as post-conviction activities, and, as such, the they are entitled to absolute immunity.

To the extent plaintiff claims that Defendant Crusco is not entitled to absolute immunity for his role as attorney for Defendants Brown and Rosenbaum, such an assertion is incorrect. "Municipal attorneys who institute civil lawsuits are afforded absolute immunity." Lomtevas v. Cardozo, No. 05-CV-2779, 2006 U.S. Dist. LEXIS 5820, at *16 (E.D.N.Y. Jan. 31,

2006). Therefore, because it appears that plaintiff is bringing claims against Defendant Crusco for his representation of Defendants Brown and Rosenbaum in a civil suit brought by plaintiff, it must follow that Defendant Crusco is entitled to absolute immunity for responding to same.

**B.     Qualified Immunity**

Even if the Prosecutor Defendants were not protected by absolute immunity, they would still be shielded from liability by qualified immunity. Qualified immunity shields government actors from liability in civil suits for actions taken while performing discretionary functions so long as the prosecutor does not violate clearly established constitutional or statutory rights. See, e.g., Johnson v. City of New York, 00-CV-3626 (SHS), 2000 U.S. Dist. LEXIS 13292, *7-8 (SDNY September 13, 2000). To avoid the bar of qualified immunity, plaintiff must first show that he actually suffered a violation of his constitutional rights. Obviously, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001). As explained above, plaintiff fails to allege facts to support an allegation that the Prosecutor Defendants violated the plaintiff's constitutional rights.

If, however, plaintiff can demonstrate a constitutional violation, he must then show that the Prosecutor Defendants' conduct went so far as to "violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A reasonable person certainly could not have anticipated that sharing communications with prison officials regarding plaintiff's conduct would result in his mistreatment in prison in violation of plaintiff's constitutional rights. Thus, plaintiff's claim would fail at this stage of the inquiry.

Even if plaintiff were to prevail in showing that the Prosecutor Defendants violated his clearly established constitutional rights, the Prosecutor Defendants would nevertheless be entitled to qualified immunity provided that they acted reasonably in dealing with plaintiff. Anderson v. Creighton, 483 US 635, 640 (1987); Moore v. Vega, 371 F.3d 110, 116-17 (2d Cir. 2004). This is a very forgiving standard, one which "'gives ample room for mistaken judgments,'" and which protects "'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Plaintiff has not alleged any facts to support an allegation that the Prosecutor Defendants acted in an incompetent manner, or that they knowingly violated the law. Therefore, the claims against the Prosecutor Defendants must be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants Brown, Rosenbaum, and Crusco respectfully request that the Court grant their motion to dismiss plaintiff's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 15, 2011

MICHAEL CARDOZO
Corporation Counsel for the City of New York
*Attorney for Defendants Brown, Rosenbaum, & Crusco*
100 Church Street
New York, New York 10007

By: _____
RYAN G. SHAFFER
Assistant Corporation Counsel
Special Federal Litigation Division

To: Leroy Peoples (By First Class Mail)
*Plaintiff Pro Se*
05-A-2620
Upstate Correctional Facility
P.O. Box 2001
309 Barehill Rd.
Malone, NY 12953

Honorable Shira A. Scheindlin (By Hand Delivery)
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES………………………………………………………….. | xvii |
| PRELIMINARY STATEMENT……………………………………………………… | ii |
| STATEMENT OF FACTS……………………………………………………………... | ii |
| STANDARD OF REVIEW…………………………………………………………… | iii |
| ARGUMENT………………………………………………………………………….. | iv |

POINT I

ANY INJURIES WERE NOT PROXIMATELY CAUSED BY THE PROSECUTOR DEFENDANTS…………………………………….. iv

POINT II

PLAINTIFF FAILS TO ADEQUATELY STATE A CONSPIRACY CLAIM……………………………………………………….. ix

POINT III

THE PROSECUTOR DEFENDANTS ARE ENTITLED TO ABSOLUTE AND/OR QUALIFIED IMMUNITY…………... x

CONCLUSION………………………………………………………………….............. xv

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Adio-Mowo v. Heinemann, 1995 U.S. Dist. LEXIS 22247 (E.D.N.Y. 1995) ............................... xii

Alfaro Motors, Inc. v. Ward, 814 F.2d 883 (2d Cir. 1987) ........................................................ vi, vii

Anderson v. Creighton, 483 US 635, 640 (1987) ............................................................................ xiv

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ................................................................................ iii

Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) ........................................................................................................................................ vii

Barbera v. Smith, 836 F.2d 96, 99 (2d. Cir. 1987) ............................................................................. xi

Barrett v. United States, 798 F.2d 565, 572 (2d. Cir. 1986) ............................................................ xii

Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986) .......................................................................... vii

Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007) ............................................................... iii, ix, x

Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) ..................................................... xi

Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ......................................................................... xi

Ciambriello v. County of Nassau, 292 F.3d 307, 323-326 (2d Cir. 2002) ...................................... ix

Daniels v. City of Binghamton, 1998 U.S. Dist. LEXIS 9753, *9 n.1 (N.D.N.Y. June 27, 1998) .................................................................................................................................................. xi

Derdiarian v. Felix Contracting Corp., 51 N.Y. 308, 315 (1980) ................................................... iv

Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) ..................................................................................... xi

Doyle v. Coombe, 1998 U.S. App. LEXIS 20261 at *3 (2d Cir. June 12, 1998) ......................... vii

Fagan v. Amerisource Bergen Corp, 356 F. Supp. 2d 198, 211 (E.D.N.Y. 2004) ....................... vi

Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998) ............................................ iii

Hameed v. Pundt, 964 F. Supp. 836, 839 (S.D.N.Y. 1997) ............................................................ ix

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ............................................................................ xiii

Holmes, et al. v. Poskanzer, 342 Fed. Appx. 651, 653 (2d Cir. 2009) ......................................... iii

Hope v. Pelzer, 536 U.S. 730, 739 (2002) ........................................................................... xiii

Hunter v. Bryant, 502 U.S. 224, 229 (1991) ......................................................................... xiv

In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ............................................ iii-iv

Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) ...................... ix

Johnson v. City of New York, 00-CV-3626 (SHS), 2000 U.S. Dist. LEXIS 13292, *7-8 (SDNY September 13, 2000) ............................................................................................. xiii

Jones v. National Communication & Surveillance Networks, 409 F.Supp. 2d 456, 470 (S.D.N.Y. 2006) ........................................................................................................................ ix

Kush v. City of Buffalo, 59 N.Y.2d 26, 33, 462 N.Y.S.2d 831 ................................................ iv

Loria v. Gorman, 306 F.3d 1271, 1287 (2d Cir. 2002) ........................................................... iv

Lomtevas v. Cardozo, No. 05-CV-2779, 2006 U.S. Dist. LEXIS 5820, at *16 (E.D.N.Y. Jan. 31, 2006) ....................................................................................................................... xiii

Malley v. Briggs, 475 U.S. 335, 341 (1986) .......................................................................... xiv

Martin v. City of New York, 2011 U.S. Dist. LEXIS 68885, *15 (E.D.N.Y. June 24, 2011) ........................................................................................................................................ vi

McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978) ...................................................................................................................................... vii

Moore v. Vega, 371 F.3d 110, 116-17 (2d Cir. 2004) ........................................................... xiv

Newton v. City of New York, 681 F. Supp.2d, 473,492 (S.D.N.Y. 2010) ............................. xii

Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) ........................................................ ix

Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ........................................... xi

Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) ......................................................... vii

Saucier v. Katz, 533 U.S. 194, 201 (2001) ........................................................................... xiii

Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) ................................................................. vii

Sivadel v. City of New York, 04-CV-2113 (SHS), 2004 U.S. Dist. LEXIS 15190, *4-5
(SDNY August 4, 2004) ................................................................................................ xi

Smith v. Gribetz, 958 F. Supp. 145, 150 (S.D.N.Y. 1997) ............................................... xi

Steinberg v. A.B. Proctor, 2000 U.S. App. LEXIS 11918 (2d Cir. 2000) ...................... vii

Walker v. Goord, 98 CV 5217 (DC) 2000 U.S. Dist. LEXIS 3501, at *24 (S.D.N.Y.
March 21, 2000) ............................................................................................................. ix

Warney v. Monroe County, 587 F.3d 113, 122 (2d Cir. N.Y. 2009) ......................... xi-xii

Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir. 2000) ............. vii

Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ................................................... vii

Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ......................................................... vii

Zahrey v. City of New York, 98-CV-4546, 2009 U.S. Dist. LEXIS 31893, at *16-17
(S.D.N.Y. Apr. 15, 2009) ................................................................................................. v