UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
:
LEROY PEOPLES, :
:
Plaintiff, :
: OPINION AND ORDER
- against - :
: 11 Civ. 2694 (SAS)
BRIAN FISCHER, LUCIEN LECLAIRE,:
JR., DOCS OFFICE OF COUNSEL, :
WILLIAM LEE, PETER A. CRUSCO, :
ERIC C. ROSENBAUM, RICHARD A. :
BROWN, LT. L. JARD, SGT. :
O'CONNOR, C.O. MALARE, :
C.O. DROWN, NORMAN BEZIO, :
D. ROCK, LT. WARD, and KAREN :
BELLAMY, :
:
Defendants. :
------------------------------------------------------ X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.  INTRODUCTION

      LeRoy Peoples, a pro se inmate, brings this action pursuant to section 1983 of Title 42 of the United States Code ("section 1983") against, inter alia, Peter A. Crusco, Executive Assistant District Attorney, Queens County, Eric C. Rosenbaum, Assistant District Attorney, Queens County, and Richard A. Brown, District Attorney, Queens County, alleging violations of his constitutional rights. Crusco, Rosenbaum, and Brown (collectively the "Prosecutor Defendants") now

1

move to dismiss Peoples's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) lack of personal involvement; (2) failure to state a conspiracy claim; and (3) absolute and qualified immunity. For the reasons that follow, the motion is granted and these defendants are dismissed from the lawsuit.

## II.   BACKGROUND

LeRoy Peoples is an inmate formerly incarcerated at the Green Haven Correctional Facility ("Green Haven").[1] On October 5, 2009, Sergeant O'Connor ordered Corrections Officer Malare to frisk Peoples and to search his work station.[2] Officer Malare then led Peoples to his cell, which Malare searched, seizing certain items[3] including U.C.C. forms prohibited by Rule 113.30 of the Standards of Inmate Behavior.[4] As punishment for possession of these prohibited materials, corrections officers moved Peoples to the Special Housing Unit, where he lost a

---

[1] *See* Complaint ("Compl."), Ex. A to Defendants' Notice of Motion to Dismiss, at 3.

[2] *See id.* ¶ 2.

[3] *See id.*

[4] *See id.* ¶ 1. Rule 113.30 states that "[a]n inmate shall not possess any Uniform Commercial Code (UCC) Article 9 form . . . ." (codified at 7 N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2 (2011)).

tooth in a fist fight with another inmate[5] and sustained mental and emotional injuries.[6]

On October 13, 2009, Department of Correctional Services ("DOCS") personnel held a hearing in connection with Peoples's misbehavior report stemming from this incident.[7] Peoples alleges that Corrections Officer Drown "verbally attacked" him off the record.[8] At the close of this hearing, Peoples received a punishment of three years in the Special Housing Unit, a three-year loss of packages, phone and commissary privileges, and seventy-two months of recommended loss of good-time credit.[9] In "November/December 2009," Peoples appealed the hearing disposition to defendant Norman Bezio.[10] This appeal was denied.[11]

Peoples alleges that the Prosecutor Defendants caused the search of his cell by forwarding a package of letters they received from Peoples to William

---

[5]   See Compl. ¶ 1.

[6]   See id. ¶ 7.

[7]   See id. ¶ 3.

[8]   Id.

[9]   See id.

[10]  See id. ¶ 4.

[11]  See id.

Lee, the Superintendent of Green Haven.[12]  According to the Inmate Misbehavior Report, the letters forwarded by the Prosecutor Defendants included evidence that Peoples possessed prohibited U.C.C. materials and other financial forms that "are bogus and without legal basis."[13]

Peoples alleges that the Prosecutor Defendants violated his constitutional rights by acting in concert with officials at Green Haven to suppress his speech by confiscating his U.C.C. materials.[14]  The Prosecutor Defendants move to dismiss the Complaint on the following grounds:  (1) Peoples has failed to state a plausible claim and (2) the defendants are shielded by absolute and qualified immunity.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[15] and "draw all reasonable inferences in Plaintiff's

---

[12]   *See id.* ¶ 1.

[13]   *See* Inmate Misbehavior Report, Ex. A to Compl. at 1.

[14]   *See* Compl. ¶ 11.

[15]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  *Accord Rescuecom Corp. v. Google Inc.,* 562 F.3d 123, 127 (2d Cir. 2009).

favor."[16]  However, the court need not accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness."[17]  To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[18]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]  Plausibility "is not akin to a probability requirement," rather plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[20]

When determining the sufficiency of a claim under Rule 12(b)(6), a court is generally required to consider only the allegations in the complaint.[21]  However, a court is allowed to consider documents outside the pleading if the

---

[16]     *Faber v. Metropolitan Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011).

[17]     *In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

[18]     *Twombly*, 550 U.S. at 564.

[19]     *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

[20]     *Id.* (quotation marks omitted).

[21]     *See Halebian v. Berv,* 644 F.3d 122, 130 (2d Cir. 2011).

documents are integral to the pleading or if they are subject to judicial notice.[22] A pro se plaintiff is entitled to have his pleadings held to "less stringent standards than formal pleadings drafted by lawyers."[23] Accordingly, a pro se plaintiff's papers should be interpreted "to raise the strongest arguments that they suggest."[24]

### B. Section 1983

Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .[25]

Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere."[26] "The purpose

---

[22] *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006) (vacating district court's dismissal of plaintiff's complaint where the court relied on materials outside of the complaint).

[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

[24] *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

[25] 42 U.S.C. § 1983.

[26] *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). *Accord Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("'[O]ne cannot

of [section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[27]

### 1. Direct Involvement

Imposition of liability under section 1983 requires a defendant's direct involvement in the alleged constitutional violation.[28] "Thus, [a] supervisory official cannot be liable solely on account of the acts or omissions of his or her subordinates."[29] In 1995, the Second Circuit held that the personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional

---

go into court and claim 'a violation of § 1983' - for § 1983 by itself does not protect anyone against anything.'") (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

[27]  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

[28]  *See Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

[29]  *Bellamy v. Mount Vernon Hosp.*, No. 07 Civ. 1801, 2009 WL 1835939, at *4 (S.D.N.Y. June 26, 2009).

practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional practices were occurring.[30] However, in 2009, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must [prove] that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[31] "Accordingly, only the first and third *Colon* factors have survived the Supreme Court's decision in *Iqbal*."[32]

### 2. Conspiracy Under Section 1983

In order to survive a motion to dismiss a section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between [two or more state actors or] a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing

---

[30] *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

[31] *Iqbal*, 129 S. Ct. at 1948-49 (citations omitted) (explicitly rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution").

[32] *Spear v. Hughes*, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009).

damages."[33]  "Thus, a plaintiff must show that defendants acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds, that violated [his] rights, privileges or immunities secured by the Constitution or federal courts."[34]  "In addition, 'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.'"[35]  While conclusory allegations may be insufficient, "'conspiracies are by their very nature secretive operations,' and may have to be proven by circumstantial, rather than direct, evidence."[36]  Finally, "[a] violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right."[37]  "Without deprivation of a federal constitutional

---

[33] *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2010) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).

[34] *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586-87 (S.D.N.Y. 2006) (quotation marks and citations omitted, alteration in original).

[35] *Ciambriello*, 292 F.3d at 325 (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) (quotation marks, citations, and alterations omitted)).

[36] *Pangburn,* 200 F.3d at 65 (quoting *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994)).

[37] *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) ("Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights.").

right, 'there can be no civil rights conspiracy to deprive that right.'"[38] Thus, to survive a motion to dismiss, the plaintiff must allege a constitutional deprivation.

### C. Absolute and Qualified Immunity

Government officials performing discretionary functions are generally granted qualified immunity from suit provided that "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[39] The Second Circuit has held that "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or Second Circuit has recognized the right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful."[40]

In addition, prosecutors enjoy absolute immunity for "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal

---

[38] *Bussey,* 419 F. Supp. 2d at 587 (quoting *Young v. County of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998)). *Accord Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (noting that a section 1983 conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

[39] *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

[40] *Id.* (quotation marks and citations omitted).

process.'"[41] "[A]bsolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks."[42]

The doctrines of absolute and qualified immunity do not apply when a plaintiff seeks prospective injunctive relief only.[43] Prosecutorial immunity does not bar a claim for prospective injunctive relief,[44] so long as a court finds that "'the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[45]

## IV. DISCUSSION

### A. Personal Involvement of the Prosecutor Defendants

The Prosecutor Defendants argue that because they had no personal involvement in the constitutional violations allegedly suffered by Peoples, they

---

[41] *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)).

[42] *Id.* (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)).

[43] *See Supreme Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736-37 (1980).

[44] *See Lewis v. City of N. Y.,* No. 07 Civ. 7258, 2008 WL 4307985, at *2 (S.D.N.Y. Sept. 16, 2008) (citing *Connecticut ex rel. Blumenthal v. Cahill*, 217 F.3d 93, 101 (2d Cir. 2000)).

[45] *Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003) (quoting *Verizon Md., Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

cannot be held liable for his alleged injuries.[46] Peoples argues that the Prosecutor Defendants were personally involved to the extent that (1) it is their job to "uphold the Constitutions of N.Y.S. and the U.S.," and (2) that the injuries Peoples suffered flowed from his attempted communications with the Prosecutor Defendants.[47]

However, the injuries alleged by Peoples all stemmed from actions taken by officials at Green Haven that did not involve the Prosecutor Defendants.[48] The seizure of Peoples's legal materials was ordered and performed by corrections officers.[49] Likewise, corrections officers moved Peoples to the Special Housing Unit because of People's possession of materials prohibited by the Standards of Inmate Behavior promulgated by the Commissioner of DOCS.[50] Peoples has not

---

[46] *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 6.

[47] Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Mem.") at 3. I will consider the factual allegations contained in plaintiff's opposition papers to the extent they are consistent with the allegations in the Complaint. "In general, a court may not look outside the pleadings when reviewing a 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." *Burgess v. Goord*, No. 98 Civ. 2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 28, 1999) (quotations marks and citations omitted). *Accord Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009) (same).

[48] *See* Compl. ¶ 1.

[49] *See id.*

[50] *See id.*

shown that the Prosecutor Defendants had any direct involvement in these incidents.

To the extent that Peoples is arguing that the Prosecutor Defendants created an unconstitutional policy or that they were deliberately indifferent to a constitutional violation, Peoples has not alleged sufficient facts to support this claim. The Prosecutor Defendants work for an agency entirely separate from DOCS and have no authority over DOCS policy or DOCS officials. For these reasons, Peoples has failed to show that the Prosecutor Defendants were directly involved in any of the alleged constitutional violations. Accordingly, the Prosecutor Defendants are dismissed from this lawsuit based on their lack of personal involvement.

### B.   Conspiracy

Peoples alleges that the Prosecutor Defendants conspired with DOCS officials to suppress his speech and restrict his access to legal materials.[51] He alleges that when the Prosecutor Defendants mailed the correspondence they had received from Peoples to Green Haven officials, they included a cover letter that indicated that DOCS officials should unlawfully suppress Peoples's speech.[52]

---

[51]   *See id.* ¶ 11.

[52]   *See* Opp. Mem. at 3-4.

While Peoples claims that a conspiracy existed, he has not alleged any facts to support this claim. Peoples's conclusory allegations of conspiracy do not raise a reasonable inference of a meeting of the minds to achieve an unlawful result. Even if a cover letter existed explaining why the Prosecutor Defendants were forwarding the materials, Peoples has failed to set forth any facts showing that this cover letter would contain evidence of a plan to inflict an unconstitutional injury. Thus, Peoples has failed to raise a plausible claim of conspiracy.

### C. Qualified Immunity

Peoples argues that the Prosecutor Defendants are not entitled to immunity because their actions "were 'not within the scope of their duty' as prosecutor, as they attempted to get a [sic] 'gage order' so to speak on plaintiff . . . ."[53] Peoples argues that neither absolute nor qualified immunity applies because he is seeking injunctive relief against the Prosecutor Defendants.[54]

The Prosecutor Defendants are entitled to qualified immunity here. Peoples has failed to show that the Prosecutor Defendants violated any clearly established constitutional or statutory rights when they mailed Peoples's communication, which revealed his possession of prohibited materials, to DOCS

---

[53] *See* Compl. ¶ 11.

[54] *See* Opp. Mem. at 2.

officials. Regardless of whether the actions taken by the Prosecutor Defendants are administrative, prosecutorial, or investigative, and therefore whether absolute immunity applies, the Prosecutor Defendants are shielded by qualified immunity. Although Peoples argues that he is entitled to injunctive relief and therefore no form of immunity should apply, nothing in the Complaint reveals an ongoing violation of federal law committed by the Prosecutor Defendants. Peoples does not seek any relief that can be considered prospective. Thus, the Prosecutor Defendants are entitled to qualified immunity, which shields them from the instant action.

## V.  CONCLUSION

For the foregoing reasons, the Prosecutor Defendants' motion is granted as to all claims and they are hereby dismissed from this lawsuit. The Clerk of the Court is directed to close this motion (Docket No. 21).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           December 1, 2011

## -Appearances-

**Plaintiff (Pro Se):**

Leroy Peoples
ID # 05-A-2620
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York  12953

**For Defendants:**

Ryan G. Shaffer
Assistant Corporation Counsel
Special Federal Litigation Division
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1041