
RECEIVED JAN 09 2012 CHAMBERS OF SHIRA A. SCHEINDLIN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/12

LeRoy Peoples, #05.A2620
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Jan. 5TH, 2012.

Hon. Judge Shira A. Scheindlin
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Rm 230
New York, N.Y. 10007

Re: LeRoy Peoples v. Brian Fischer
11 Civ. 2694 (SAS)

Subject: Opposition To Motion To Dismiss

DOCS defendants move to dismiss the complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. When asserting this ground, the defendants argue that even if everything stated in the complaint were true, the defendants did not cause an injury to the plaintiff that the law recognizes. Moreover, a motion to dismiss for failure to state a claim 'is not appropriate' if the defendants want to argue that the facts alleged in the complaint are not true. Instead, defendants in a motion to dismiss the complaint for failure to state a claim assumes that 'the facts alleged in the complaint are true, but argues that those facts do not constitute a violation of any law'.

And as such, the District Court has to hold as true all allegations in the plaintiffs complaint as well as all reasonable inferences that can be drawn from them, and must

[Pg 1 of 5]

construe them in a light most favorable to the non-movant. Bright v. Westmoreland County, 380 F.3d 729, 735 (3rd Cir. 2004). To survive a motion to dismiss, 'a plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true even if doubtful in fact.' Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

With that so being, DOCS defendants assert that plaintiff failed to exhaust his administrative grievance procedures pursuant to the requirements of the 'Prisoner Litigation Reform Act' of 42 U.S.C. §1997(e), because plaintiff submitted his civil rights complaint prior to C.O.R.C.'s final decision to appeal of grievance. With a look at plaintiff's grievance submitted with the complaint, shows that the grievance committee gave CORC's final decision on the issue's related to rules 107.21 and 113.30 (see Exh. A - 'Response of IGRC') The issue's raised in plaintiffs grievance were already finalized by CORC as seen, therefore, prison officials cannot keep me out of court by simply ignoring my grievance. Brown v. Koenigsmann, No. 01 Civ. 10013, 2003 U.S. Dist. LEXIS 1709, at *9-11 (SDNY 29, 2003)(unpublished); John v. N.Y.C. Dep't of Corr., 183 F. Supp. 2d 619, 625 (SDNY 2002)(rejecting argument that after 3 years, prisoner must continue waiting for a decision.)(see Exh. B - Central office Review Committee, decision of 6/8/11, attached hereto). Plaintiff's grievance was denied at the local facility level, and he then 'appealed' to CORC, who in turn purposely delayed responding to keep plaintiff out of court, only to respond giving the same response that the local facility level gave to grievance. (see Exh. A - 'Response of IGRC', 'Superintendent Response'; Exh. B 'CORC's decision'). Martinez V. Dr. Williams, R., 186 F. Supp. 2d 353, 357 (SDNY Jan. 25TH, 2002)(finding that prisoner who received no response after filing a grievance should have appealed the grievance and thus did not exhaust his administrative remedies.) Similarily, after receiving no response to my appeal by CORC, plaintiff pursued this pending civil rights complaint.

Moreover, the 2ND Circuit has held that where a failure to exhaust or to exhaust

[Pg 2 of 8]

correctly was justified by special circumstances, the claim should be dismissed without prejudice if remedy available, but if not, the case should go forward (and if the case is dismissed and then remedies prove unavailable, it should be reinstated). Brownell v. Krom, 446 F.3d 305, 313 (2d Cir. 2006); Giano v. Goord, 380 F.3d 670, 679-80 (2d Cir. 2004); Hemphill v. New York, 380 F.3d 680, 690-91 (2d Cir. 2004) Similarly, it would be pointless to dismiss plaintiffs complaint for failure to exhaust correctly, as plaintiff's grievance has been finalized by CORC (see Exh. B-CORC's Decision), and, no other avenue exist to exhaust. Therefore, DOCs defendants 'general assertions' of exhaustion is meritless. Amaker v. Goord, No. 98 Civ. 3634 (JGK), 1999 U.S. Dist. LEXIS 16905, at *12-16 (SDNY July 15, 1999)(unpublished)(holding that a general assertion of exhaustion in response to a motion to dismiss in the absence of a record was sufficient to defeating the defendants motion to dismiss); Wright v. Dee, 54 F.Supp.2d 199, 206 (SDNY 1999)(holding assertion of exhaustion made in response to the defendants motion to dismiss was sufficient to survive the motion).

    Defendants further move to dismiss the complaint pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383, 394 (1994). In this case, the Court held "Section 1983 suits are not available if the outcome of the suit would imply that a prisoner's conviction or sentence is invalid, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus". This is ~~understanble~~ understandible, respectively. However, plaintiff is not using Section 1983 to challenge violations of his constitutional rights in the course of his criminal conviction and sentencing.(WHICH IS WHY THE DISTRICT COURT CLASSIFIED THIS SECTION 1983 CIVIL RIGHTS COMPLAINT AS FALLING UNDER PRISON CONDITIONS) Instead, plaintiff is arguing that in the pursuit of attempting to establish certain constitutional violations and jurisdictional disputes with the 'former' prosecutorial defendants in this complaint, plaintiffs civil rights were too violated by DOCs defendants. In the process of communicating with 'former prosecutorial defendants' in this complaint, prior

to filing this civil rights complaint, DOCs defendants enacted rules 107.21 and 113.30 that, suppressed this communication with 'former prosecutorial defendants', denied his right to access the court with a inadequate law library, denied to be secure in his person and papers from seizure, denied due process of law in his liberty interest and equal protection to his custodial-status, along with being denied to be free from cruel and unusual punishment, all 1ST, 4TH, 6TH, 8TH and 14TH Amendment Rights of the Constitution. These issues, <u>will not</u> imply that plaintiffs conviction or sentence is invalid. These issues solely imply constitutional violations on the part of DOCs defendants because of the enactment of rules 107.21 and 113.30 of the 'Standards of Inmate Behavior Rule Book', of said plaintiffs rights.

    In <u>Monroe v. Beard</u>, 536 F.3d 198 (C.A.3 (Pa.) 2008), the Court held (among other things) that: "prisoner(s) failed to state claim for denial of right of access to courts". And, under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. Prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. This is the case currently pending before this court. And as such plaintiff has no other "remedy that may be awarded as recompse" for the lost claim other than in the present denial of access-to-court claim/suit. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed. 2d 413 (2002). Plaintiff has specified facts demonstrating that his 'jurisdictional disputes' are not frivolous. Documents pertaining to jurisdictional disputes with 'former prosecutorial defendants' were <u>confiscated</u> by DOCs defendants, along with, documents prohibited by rules 107.21 and 113.30. Moreover, Mckinney's Uniform Commercial Code prison law library books were seized, in violation of right to 'self-help' via U.C.C. §§ 1-201(34), 9-503, 9-504. And, it is essential that plaintiff be allowed to utilize and study the Uniform Commercial Code, as '<u>all crimes are commercial</u>' in conformity to 27 C.F.R. (2.11). Therefore, without the return of confiscated documents 'pertaining to jurisdictional disputes/grievances', plaintiff will not be able to be fully recompensed for the lost claim, other than the present denial of

access-to-court suit. Plaintiff request the Court to honor this request and have Docs defendants return said documents to so plaintiff can reinstigate his jurisdictional grievances. This will prevent a 'miscarriage of justice' as plaintiff will be able to go back before a state tribunal with these jurisdictional matters, in compliance to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed. 2d 383, 394 (1994).

Moreover, in a Summary Judgment motion, the facts are to be viewed in a light most favorable to the nonmoving party. Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 260 (3d Cir. 2007). There must be sufficient evidence for a jury to return a verdict in favor of the nonmoving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted. Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994) Plaintiffs complaint is not merely colorable and is significantly probative, but is arguable in fact and in law, as has been proving. Jenkins v. Haubert, 179 F.3d 19, 27 (2d Cir. 1999) (holding that §1983 may be used to challenge a prisoner's term of disciplinary segregation, which does not affect the length of confinement.)

Furthermore, see attached 'Ambulatory Health Record Progress Note' and 'Dental Treatment Record' as Exhibit 'B', which satisfies my 8TH Amendment violations, for my tooth being knocked out while unlawfully confined to the SHU. (Please provide defendants w/copy. No funds to copy Exhibit 'B')

For the reasons stated herein, and in the complaint, Docs defendants motion to dismiss / summary judgment should be denied. All other material facts of evidence was confiscated by Docs defendants. Without discovery, plaintiff will not be able to show that the issues being pursued with former prosecutorial defendants was a non-frivolous matter that needed to be addressed in a state tribunal, but was hindered by the confiscation of plaintiffs legal documents pertaining to jurisdiction, along with documents prohibited by rules 107.21 and 113.30.

cc: Jeb Harben, Asst. Att. Gen.
120 Broadway
New York, N.Y. 10271

/s/ Leroy Peoples
Pro Se Plaintiff

[Pg. 5 of 5]

EXHIBIT 'B

Peoples, L  05-A-2620  10-B-7

| | Grievance Number<br>UST-45499-11 | Desig./Code<br>D/31 | Date Filed<br>3/9/11 |
|---|---|---|---|
| STATE OF NEW YORK<br>DEPARTMENT OF<br>CORRECTIONS AND<br>COMMUNITY<br>SUPERVISION | Associated Cases | | |
| | Facility<br>Upstate Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Rules 107.21 And 113.30 Unconstitutional | | |

6/8/11

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of Department's Counsel, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC cites its prior disposition SPT-47402-09, dated 8/26/09, which states, in part, i.e.:

> CORC concurs with the Superintendent in that the Commissioner has the authority pursuant to Correction Law Sections 112 and 138 to promulgate rules that are necessary for the safe, secure, and orderly operation of all correctional facilities. As such, the Commissioner delegated the primary responsibility for processing the enactment of these regulations to the Department's Office of Counsel.
>
> CORC also notes that these regulations were enacted after due consideration of serious security and operational concerns, and are not unconstitutional, nor are they retaliatory or vindictive in nature.

CORC advises the grievant that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the document he is requesting in accordance with existing Facility procedures.

With regard to the grievant's appeal, CORC has not been presented with any compelling reason to rescind rules 107.21 or 113.30.

RAL/
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

3105A (Revised 3/06)  
STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES  
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name: Peoples, Leroy | DIN: 05A2620 | Date of Birth: 4/20/1983 | Facility Name: 840 |
|---|---|---|---|

**Subjective:** I/M drafted in from Green Haven

**Objective:** Chart up for provider review. Tylenol 3pk tissue for H/A. Chloresin Rx ordered

Last Name: Peoples, Leroy
DIN: 05A2620   Location: ____
Date: 11/5/05   Time: ____
Provider Orders:

**Assessment:**

**Plan:**

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** NSC
I/m c/o chapped lips

**Objective:** Lips moist & intact

**Assessment:** Ø OTC Tx ordered or indicated. Advised

**Plan:** to ↑ fluids

Last Name: Peoples
DIN: 05A2620   Location: ____
Date: 11-8-05   Time: ____
Provider Orders:

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time: B guim lui

---

**Subjective:** Altercation c bunkie, Front ↑ tooth knocked out. Ⓞ Lip, Ⓞ gum swelly Ⓞ bleedy.

**Objective:** Swelly to both hands (knuckles) Good ROM, Ⓞ bruising cold compress to area

**Assessment:** × Dental notified ✓

**Plan:** F/U NSC as needed

Last Name: Peoples
DIN: 05A2620   Location: 10C/8T
Date: 11/16/05   Time: Apm 0840
Provider Orders:  ARMU

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

# STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
## DENTAL TREATMENT RECORD

Name: _____   DIN: _____

| DATE (MO/DA/YR) | TOOTH NUMBER | ADA Class | DIAGNOSTIC - TREATMENT - REMARKS | DENTIST SIGNATURE |
|---|---|---|---|---|
| 1/1/09 | | ✓ | Core 19 ax ✓ Prog - L there are two P/O teeth memory loss due pero disis, monitor PO4. Very careful to q last us Regis, Emgar pero qukh - RN all. Rx | DR. J. MILLER, D.D.S. P. DOW, DA |
| | | | Ach 1/13/09 | |
| 1-13-10 | | ✓ | After ext do prost eval - clean for cavities - clean for perio | |
| 1/13/10 | 7, 8 | ✓ | Ext of 7 & 8. Post op. instr given verbally in writing. Ans. questions. H/o of face + arm swt Tegr post surg. At #19 surg need clr ext Post op Rx Amoxicil 500 mg Ds #24 tabs Sig 1 tab T.D. to pre + Post Ext 19. | DR. J. MILLER, D.D.S. P. DOW, DA |
| | | | Ach 1/19/10 | |
| 1/19/10 | 19 | ✓ | Ext #19 Post op Inst given verbally cont W writing. Ans Ques. Joke of face + arms sut Tegr post surg Rx | DR. J. MILLER, D.D.S. P. DOW, DA |
| | | | Ach 3/17/10 | |
| 3/10/10 | | ✓ | (M HX TO) Proph Scale | DR. J. MILLER, D.D.S. |