UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY PEOPLES,

                    Plaintiff,

    - against-

BRIAN FISCHER, DOCS Commissioner, et al.,

                    Defendants.

Docket Number
11-CV-2694 (SAS)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
<u>Attorney for State Defendants</u>
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6185

JEB HARBEN
Assistant Attorney General
    *of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEROY PEOPLES,<br><br>                          Plaintiff,<br><br>- against-<br><br>BRIAN FISCHER, DOCS Commissioner, et al.,<br>                          Defendants. | Docket Number<br>11-CV-2694 (SAS) |

## PRELIMINARY STATEMENT

This reply memorandum of law is respectfully submitted on behalf of defendants Fischer, Leclaire, Ward, Bezio, Rock, Lee, O'Connor and Bellamy.[1] Each of these defendants is or was a New York State Department of Corrections and Community Supervision ("DOCCS") employee and each moves to dismiss plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1) and (6).[2] Plaintiff, a *pro se* inmate, claims his rights were violated as a result of his discipline for possessing U.C.C. lien materials in a criminal effort to harass public officials. Defendants have moved to dismiss on the grounds of: (1) failure to state a claim; (2) qualified immunity; (3) no personal involvement; (4) Eleventh Amendment immunity; and (5) failure to exhaust administrative remedies.

---

1 There is no record of defendant Malave or the "Office of Counsel" having been served. The arguments made herein are equally applicable to these unserved defendants as well.

2 Defendant Commissioner's Hearing Officer Drown is deceased. Counsel has inquired as to the status of his estate in order for counsel to appear on behalf of the Estate, but has not yet received information in this regard. All arguments made herein, however, are equally applicable to defendant Drown and if this action is dismissed as to other defendants, it is respectfully submitted that this Court should dismiss defendant Drown regardless of his representational status.

1

**ARGUMENT: DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED**

**I     PLAINTIFF HAS FAILED TO STATE A CLAIM**

   **A.     HECK V. HUMPHREY BARS PLAINTIFF'S § 1983 CLAIM: THE OCTOBER 13, 2009 DECISION WAS NOT OVERTURNED**

The basis of plaintiff's claim is that on October 13, 2009, he was found guilty of violating DOCCS' Disciplinary Rules 113.30, 107.21 and 180.11 and, as a result, plaintiff was sentenced to 36 months in the Special Housing Unit and received 72 months recommended loss of "good time." Complaint at ¶ 17(g). Plaintiff argues that Heck v. Humphrey, 512 U.S. 477, 489 (1994) (requirement that discipline be reversed before Section 1983 is recognized does not just "engraft an exhaustion requirement upon § 1983, but rather den[ies] the existence of a cause of action" absent reversal) does not apply because this case does not involve his underlying criminal conviction. Plaintiff misunderstands Heck and its applicability to certain prison disciplinary matters. See Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to prison disciplinary proceeding). When a loss of "good time" has been ordered (as opposed to just placement in SHU) as part of the discipline imposed and plaintiff's lawsuit seeks to reverse that portion of the discipline (which the instant lawsuit does) the requirements of Heck and Edwards that plaintiff have overturned his discipline before bringing a Section 1983 action apply. Id. Accordingly, plaintiff's lawsuit must be dismissed.

   **B.     FILING BOGUS U.C.C. LIENS IS NOT A PROTECTED FORM OF COMMUNICATION AND DOES NOT CONCERN ACCESS TO COURTS**

Plaintiff's opposition does nothing to rebut defendants' arguments that plaintiff's desire to possess U.C.C. materials and illegally file false U.C.C. liens on others do not amount to a protected First Amendment right. Accordingly, any such claims must be dismissed.

   **C.     PLAINTIFF RECEIVED ALL THE DUE PROCESS HE WAS ENTITLED**

Even if the Court were to find that plaintiff's due process claims are not barred, plaintiff

fails to state a claim for relief. As previously argued by defendants, plaintiff received all the process he was due, and thus fails to state a claim for violation of his due process rights. Plaintiff's opposition does nothing to rebut these arguments.

### D. DOCCS' U.C.C. REGULATIONS ARE VALID

As previously argued, plaintiff's claims that DOCCS' policies regarding U.C.C. materials are constitutionally invalid must fail because they are reasonably related to legitimate penological interests. Once again, plaintiff's opposition does nothing to rebut these arguments.

### E. FALSE MISBEHAVIOR REPORT

As previously argued, to the extent plaintiff's complaint can be read as stating a claim regarding the receipt of a false misbehavior report, such a claim must be rejected. Plaintiff's opposition does nothing to rebut these arguments.

### F. PLAINTIFF HAS FAILED TO STATE A CONSPIRACY CLAIM

As previously argued, plaintiff has failed to state a conspiracy claim against defendants. Plaintiff's opposition does nothing to rebut defendants' arguments in this regard. Moreover, the intra-corporate conspiracy doctrine bars such claims because the alleged conspirators were all employees of the same governmental agency. See Lewis v. NYC, 1999 U.S. Dist. LEXIS 20008, at *73 & n. 30 (S.D.N.Y. Nov. 18, 1999) (DOCCS employees), adopted by 1999 WL 1293781 (S.D.N.Y. Dec. 27, 1999).[3]

## III. QUALIFIED IMMUNITY

As previously argued, all of the defendants herein are entitled to qualified immunity with respect to any claim for money damages because there is no basis to conclude that anything they

---

[3] See also Ahmed v. Gelfand, 160 F. Supp. 2d 408, 413 (E.D.N.Y. 2001) (no actionable conspiracy claim where defendants were all employed by same governmental agency).

3

did was in violation of any "clearly established right" of plaintiff given the fact that the DOCCS regulations at issue have never been held unconstitutional and similar regulations have been upheld. See Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009).

IV.  **LACK OF PERSONAL INVOLVEMENT**

Plaintiff's opposition ignores defendant's argument that personal involvement is a prerequisite to § 1983 liability and that plaintiff has failed to allege facts showing personal involvement of many of the defendants herein. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009); Richardson v. DOCS, 2011 WL 4091491, ** 3-4 (S.D.N.Y. Sept. 13, 2011); Richardson v. Fischer, 2011 WL 710617, at * 3, n. 51 (S.D.N.Y. Feb. 28, 2011). It is also unclear how plaintiff believes the ambulatory health record filed with the Court (plaintiff's Exhibit B) is relevant to his First Amendment and Due Process claims in this case. None of the defendants herein are alleged to have had any personal involvement with respect to any altercation plaintiff may have had with another inmate while in the Special Housing Unit ("SHU"). No SHU officers (or even their supervisors) who may have been in the vicinity of the alleged altercation have been sued. Clearly, an altercation with another inmate in SHU cannot be proximately caused by any discipline imposed on plaintiff, nor is there any basis under Section 1983 to impose liability on disciplinary actors for inmate-on-inmate violence while plaintiff was housed at a different facility that allegedly occurred weeks after the discipline was imposed.[4]  See, e.g., Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999) ("A § 1983 action, like its state tort analogs, employs the principle of proximate causation.").

---

4  Plaintiff's Exhibit B (November 5, 2009 note) indicates that plaintiff was a draftee *from* Green Haven (the record does not provide the new facility name) and the alleged altercation did not take place until eleven days later. See Exhibit B (November 16, 2009 note).

4

## V.     ELEVENTH AMENDMENT IMMUNITY

As previously argued, money damages may not be sought against the state, or against any agency or department of the state, without a waiver of sovereign immunity.  See Florida v. Treasure, 458 U.S. 670, 684 (1982).  Thus any official capacity claims here seeking damages are barred.  Also, the claim against unserved defendant "Office of Counsel" is clearly a claim against a state department and is barred by the 11th Amendment and § 1983, which only allows claims against persons.

## VI. P.L.R.A. EXHAUSTION

This action was filed on April 18, 2011. Harben Decl., Exh. A (Complaint). Plaintiff did not fully exhaust his administrative remedies until on or about June 8, 2011 when he received a decision from the DOCCS Central Office Review Committee ("CORC") denying his grievance. Id. at Exh. J. As previously argued, in order to satisfy the requirements of the P.L.R.A., an inmate must exhaust his administrative remedies *before* he initiates legal action. Neal v. Goord, 267 F.3d 116, 121 (2d Cir. 2001) ("exhausting administrative remedies after a complaint is filed will not save a case from dismissal")). See also Porter v. Nussle, 534 U.S. 516, 532 (2002).

The exhaustion requirement is not satisfied until the inmate exhausts all remedies, including all available appeals. See Larkin v. Ricenberg, 2006 WL 678964 (S.D.N.Y. March 17, 2006); Mendez v. Artuz, 2002 WL 313796, *2 (S.D.N.Y. Feb. 26, 2002) (dismissing action although administrative appeal was completed after filing of lawsuit). "In order to satisfy the requirements of the P.L.R.A., an inmate must exhaust his administrative remedies before he initiates legal action." Waters v. Schneider, 2004 WL 137416, *2 (S.D.N.Y. Jan. 27, 2004) (citing Neal, 267 F.3d at 121 ("exhausting administrative remedies after a complaint is filed will not save a case from dismissal")). "[T]he exhaustion requirement is not satisfied until the administrative process has reached a final result." Mendez at *2. "[W]here exhaustion is required, failure to do so must result in dismissal, notwithstanding efforts by the inmate-plaintiff to pursue administrative remedies while simultaneously seeking relief in federal court." Neal, 267 F.3d at 117-18. "Subsequent exhaustion after suit is filed therefore is insufficient." Id. at 122. See also Curry v. Mazzuca, 2004 WL 2368013, **3-4 (S.D.N.Y. Oct. 22, 2004) (dismissal where exhaustion occurred after filing lawsuit); Jackson v. Goord, 2004 WL 1774251, *2 (S.D.N.Y. Aug. 9, 2004) (CORC final administrative decision constitutes exhaustion of plaintiff's administrative remedies).

6

Plaintiff, however, argues that CORC took too long to decide his appeal, which he allegedly signed March 17, 2011. See Complaint, Exh. A. The irony of this argument is that, apparently, DOCCS inadvertently allowed plaintiff to file his grievance more than a year after the deadline to do so had expired. In any event, none of the cases cited by plaintiff support his argument in that having to wait less than three months for an appeal to be decided is hardly the equivalent of the three years discussed in John v. NYC DOC, 183 F. Supp.2d 619 (S.D.N.Y. 2002). While appeals to CORC are normally decided within 30 days of receipt (see 7 NYCRR 701.5), the statute does not indicate that an appeal shall be deemed exhausted after 30 days has passed. Moreover, assuming additional time from plaintiff's signing of the appeal for receipt of the appeal by CORC and time to deliver the decision to plaintiff, plaintiff did not even wait for that period to end before filing his Complaint (dated April 15, 2011) on April 18, 2011, nor did he inquire of CORC as to when it would be issuing a decision. As plaintiff did not wait a reasonable time for CORC to issue a decision, his claims should be dismissed for failure to exhaust his administrative remedies.

## **CONCLUSION**

For all the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's Complaint in its entirety.

Dated: New York, New York  
      January 27, 2012

Respectfully submitted,

ERIC T. SCHNEIDERMAN  
Attorney General of the  
 State of New York  
Attorney for Defendants

By:_____/S/_____  
JEB HARBEN  
Assistant Attorney General  
120 Broadway - 24th Floor  
New York, New York 10271  
(212) 416-6185

JEB HARBEN  
Assistant Attorney General  
<u>of Counsel</u>