UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LEROY PEOPLES ⋮

⋮

⋮

Plaintiff, ⋮

⋮   11 Civ. 2694 (SAS)

-versus- ⋮

⋮

NORMAN BEZIO, ⋮
et al.

⋮

⋮

Defendants. ⋮

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Taylor Pendergrass
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3344

*Counsel for Plaintiff*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................3

**INTRODUCTION** ...............................................................................................................4

**I.     The Court Should Deny the Motion to Transfer Venue**............................................ 5

    a.  Venue Is Proper in the Southern District of New York ................................................ 5

    b.  Venue Should Remain in the Southern District of New York ..................................... 5

**II.    The Court Should Deny the Defendants' Motion to Dismiss Under the Law of
    the Case Doctrine Because All Dispositive Issues Have Already Been Decided
    in Plaintiff's Favor.** ...........................................................................................................9

    a.  The Doctrine of Law of the Case Governs the Disposition of this Motion .................. 9

    b.  Failure to State a Claim............................................................................................. 11

    c.  Qualified Immunity on Plaintiff's Eighth Amendment Damages Claim.................... 12

    d.  Defendant Rock's Lack of Personal Involvement ..................................................... 14

    e.  Exhaustion of Remedies ........................................................................................... 15

**CONCLUSION** ................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Aerotel v. Sprint*, 100 F. Supp. 2d 189 (S.D.N.Y. 2000) .......................................................... 6, 7, 8

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ........................................ 9

*Christina Canada, Inc. v. Wior Corp.*, 702 F.Supp. 461 (S.D.N.Y.1988) .................................. 6

*Colon v. Howard*, 215 F.3d 227 (2d Cir. 2000) ........................................................................ 12

*DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73 (2d Cir. 1992) ..................................... 9

*Fellus, v. Stern, Agee & Leach*, 783 F. Supp. 2d 612 (S.D.N.Y. 2011) ................................. 6, 7, 8

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ............................................................ 14

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353 (2d Cir. 2005) ..................................................... 5

*Haines v. Kerner*, 404 U.S. 519 (1972) ..................................................................................... 10

*Horne v. Coughlin*, 155 F.3d 26 (2d Cir. 1998) ........................................................................ 13

*Pearson v. Callahan*, 555 U.S. 223 (2009) .............................................................................. 12

*Peoples v. Fischer*, 11 CIV. 2694 SAS, 2012 WL 1575302 (S.D.N.Y. May 3,
    2012) ................................................................................................................. 11, 13, 14, 15

*Peoples v. Fischer et al.*, 11 CIV. 2694 SAS, 2012 WL 2402593 (S.D.N.Y. June
    26, 2012) ............................................................................................................. 11, 12, 13, 14

*Rhodes v. Chapman*, 452 U.S. 337 (1980) ................................................................................ 13

*Smith v. Coughlin*, 748 F.2d 783 (2d Cir. 1984) ...................................................................... 13

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ..................... 9, 10

# INTRODUCTION

This memorandum of law is respectfully submitted on behalf of Plaintiff Leroy Peoples in opposition to Defendants' motion to transfer venue to the Northern District of New York and motion to dismiss. Defendants' motion should be denied in its entirety.

First, the motion to transfer venue should be denied because venue is proper in the Southern District of New York and Defendants' have not carried their burden to overcome Plaintiff's appropriate choice of forum. Defendants fail to acknowledge, let alone analyze, the factors to be applied by this Court in determining whether Defendants' can meet their burden to show a discretionary transfer of venue is warranted. An examination of all these factors shows that in sum they weigh clearly in favor of keeping venue in the Southern District.

Second, Defendants argue for the third time that this action should be dismissed on the following grounds: failure to state a claim, qualified immunity as to Plaintiffs' claim for monetary damages, lack of personal involvement of Defendant Rock, and failure to exhaust administrative remedies. The Defendants' entire motion to dismiss is foreclosed by the doctrine of the law of the case. In precisely this same posture, this Court has already denied all of Defendants' above arguments. Defendants fail establish that there has been any intervening change since the time of the Court's prior rulings that would permit them to reopen and relitigate these issues. Defendants' motion to dismiss should be denied.

## ARGUMENT

### I. The Court Should Deny the Motion to Transfer Venue

#### a. Venue Is Proper in the Southern District of New York

Under 28 U.S.C. § 1391, venue is proper in a district where "significant events or omissions material to the plaintiff's claim" have occurred. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). In this case, venue is proper in the Southern District of New York because significant material events relevant to this action took place at Green Haven Correctional Facility, located in the Southern District of New York. These events include the filing of U.C.C. liens, the subsequent misbehavior report, Plaintiff's entire disciplinary hearing, the imposition of the initial disproportionate sentence of three years confinement in SHU, and the initial portion of Plaintiff's SHU confinement. *See* Am. Compl. p. 4. While all of these events are significant to Plaintiff's claims, Plaintiff's disciplinary hearing and the disproportionate SHU sentence he received are at the very heart of his Eighth and Fourteenth Amendment claims and both occurred in the Southern District. Defendants do not dispute any of these facts. Because significant events material to Plaintiff's claims occurred at Green Haven, venue is undisputedly proper in the Southern District of New York.

#### b. Venue Should Remain in the Southern District of New York

As venue would be appropriate in both the Southern and Northern Districts, the only question before the Court is whether Defendants have met their burden for a discretionary transfer of venue pursuant to 28 U.S.C. § 1404(a). The Court should deny the Defendants' motion for a discretionary transfer of venue to the Northern District because Defendants have failed to show by clear and convincing evidence that Plaintiff's appropriate choice of forum

should be disturbed under the nine factor balancing test applied by courts when weighing such a motion.

Under 28 U.S.C. §1404(a), a civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." The moving party has "[t]he burden of justifying a transfer of venue under 28 U.S.C. § 1404(a) . . . ." *See Aerotel v. Sprint*, 100 F. Supp. 2d 189, 196 (S.D.N.Y. 2000) (Sheindlin, J.). In order to upset the filing party's choice of forum, the moving party must show by "clear and convincing evidence" that a discretionary transfer is warranted under Sec. 1404(a). *See N.Y. Marine & Gen. Ins. v. Lafarge N. Am.*, 599 F.3d 102, 113-14 (2d Cir. 2010), citing *Christina Canada, Inc. v. Wior Corp.*, 702 F.Supp. 461, 463 (S.D.N.Y.1988) ("[A]bsent a clear and convincing showing that the balance of convenience favors the ultimate forum, discretionary transfers are not favored").

To determine whether the moving party has met its burden to transfer venue under Sec. 1404(a), the court applies a multi-factor balancing test. The nine factors in the test are: (1) the convenience of witnesses, (2) the location of relevant documents and relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the forum's familiarity with the governing law, (7) the relative means of the parties, (8) the deference to be accorded to a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice. *See Fellus, v. Stern, Agee & Leach*, 783 F. Supp. 2d 612, 619 (S.D.N.Y. 2011) (Scheindlin, J.). In the instant case, the totality of the factors favors remaining in the Southern District of New York, as analyzed below.

First, there is a heavy presumption in favor of remaining in the Southern District, as it is Plaintiff's choice of forum. *See Fellus*, 783 F. Supp. at 619 ("Generally, a plaintiff's choice of

forum will not be disturbed unless the balance of the factors weighs strongly in favor of transfer.") (quotations and citation omitted).

Second, the locus of the operative facts clearly favors venue in the Southern District of New York. This "is traditionally an important factor to be considered in deciding venue." *Aerotel*, 100 F. Supp. 2d at 197. As discussed above, all the critical events leading to Mr. Peoples' lengthy and disproportionate confinement in SHU occurred at Green Haven Correctional Facility, as did a portion of his confinement in SHU. *See* Am. Compl. at p. 3-4; *see also* Am. Compl. Exhibit A.

Third, efficiency concerns weigh in favor of remaining in the Southern District. This Court has already issued several dispositive rulings in this case and is already fully familiar with the parties, issues and proceedings and is best prepared to see that the action is litigated properly and efficiently. Transfer to the Northern District would entail unnecessary delay in a case that is already in the discovery phase.

Fourth, with regard to the relative means of the parties, Plaintiff is an indigent, incarcerated litigant. He has been able to secure *pro bono* representation from the New York Civil Liberties Union and law students in the clinic at New York University School of Law, both located in the Southern District, weighing in favor of keeping venue in the Southern District and permitting Plaintiff the right to counsel to represent his interests in this matter. At the same time, remaining in the Southern District would work no prejudice on Defendants' counsel, who have an office in New York City.

The additional factors are neutral or inapplicable and therefore cannot support transfer. With regard to the location of documents, this is "is not a compelling consideration when records are easily portable." *See Fellus*, 783 F. Supp. 2d at 620 (quotations and citations omitted). In this

case, many of the documents to be discovered are likely electronically stored and/or can be electronically transmitted, and any documents located in the Northern District would only have to be transported a short distance to New York City.

With regard to the availability of process to compel unwilling witnesses, there is nothing before the Court to suggest that there are uncooperative witnesses and this Court has ample process to compel the appearance of any uncooperative witnesses. *See id.* Thus, this factor is inapplicable.

With regard to familiarity with governing law, both forums are familiar with the governing law, and thus this factor is neutral.

Finally, convenience of the parties and witnesses may weigh slightly in favor of transferring venue to the Northern District, but Defendants' argument regarding this single factor is speculative, weak, and on its own clearly does not outweigh all the other factors above. Though Defendants Rock and Bezio allegedly currently reside outside the Southern District, Defendants make nothing more conclusory statements that trial in the Southern District would be expensive and inconvenient. *See* Def. Mem. Dismiss p. 5. Defendants do not provide the necessary affidavit identifying their witnesses and the general nature of the witnesses' testimony. *See Aerotel*, 100 F. Supp. 2d at 197; *see also Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) ("A motion to transfer venue under § 1404(a) must be accompanied by an affidavit containing detailed factual statements identifying the potential principal witnesses expected to be called and a general statement of the substance of their

testimony.... Absent such a showing, the motion should be denied") (internal quotations and citations omitted). Thus, this argument should therefore receive little or no weight.[1]

In sum, venue is appropriate in the Plaintiff's original choice of forum, and Defendants fall far short of meeting their burden to justify a discretionary transfer of venue to the Northern District as the balancing of these factors clearly weighs in favor of keeping venue in the Southern District. Defendants' motion to transfer venue should be denied.

## II. The Court Should Deny the Defendants' Motion to Dismiss Under the Law of the Case Doctrine Because All Dispositive Issues Have Already Been Decided in Plaintiff's Favor.

The Defendants move yet again to dismiss Plaintiff's claims, arguing that the (1) Plaintiff has failed to state Eighth and Fourteenth Amendment claims regarding his SHU sentence; (2) that Defendants are protected by qualified immunity on Plaintiffs' damages claims; (3) that Defendant Rock cannot be held liable because of his lack of personal involvement, and; (4) that Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act. Each of these arguments has been rejected by the Court before, once in ruling on Defendants' first motion to dismiss, and again in ruling on Defendants' motion to reconsider that ruling. Defendants' attempt at a third bite at the apple is clearly foreclosed by the doctrine of the law of the case and, in any event, their arguments remain without merit.

### a. The Doctrine of the Law of the Case Governs the Disposition of this Motion

Under the doctrine of the law of the case, when a court has ruled on an issue "that decision should continue to govern the same issues in subsequent stages in the same case." *See*

---

[1] The convenience of the parties may even more evenly balanced after Plaintiff has an opportunity to correct his service on the proper parties located in the Southern District. Plaintiff acknowledges that Hearing Officer Drowns is now deceased and is considering correcting his pleadings to reflect the appropriate parties in the current action pursuant to Federal Rule of Civil Procedure 25.

*DiLaura v. Power Auth. of State of N.Y.,* 982 F.2d 73, 76 (2d Cir. 1992) (internal quotations and citations omitted). The doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988). The law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment, however, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). Thus, a litigant's attempt to avoid the law of the case should be rejected unless the party can show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.*

The Defendants' current arguments for dismissal simply repeat what has been argued and rejected twice before in precisely the same motion to dismiss posture. The only intervening event between the Court's last decision rejecting Defendants' arguments and the current motion to dismiss was the filing of Plaintiff's Amended Complaint.[2] Plaintiff's Amended Complaint, however, amended the pleadings to conform to the Court's prior ruling in the case, in particular, that he forgo challenges to good time credits in order to pursue his claims.[3] This amendment did not possibly constitute the type of intervening change that would justify Defendants' attempt to reopen the all the previous rulings against their prior motions.

---

[2] Though Mr. Peoples is now represented by the New York Civil Liberties Union, at the time of his Amended Complaint he was proceeding *pro se* and therefore any analysis of those pleadings should be considered under a more lenient standard. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Plaintiffs' claims must be "interpret[ed] ... to raise the strongest arguments they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994).

[3] Plaintiff concedes that his claims against Ward have been dismissed for failure to show personal involvement, and the caption will be amended appropriately to reflect this dismissal.

Defendants do not argue otherwise. Defendants do not, in fact, make any assertion that there has been any type of intervening change that would constitute an exception to the law of the case doctrine and merit a reconsideration of their previously rejected arguments. Instead, Defendants simply repackage arguments that are already the subject of two prior Court rulings. The impropriety of Defendants' attempt to relitigate these issues is illustrated by the fact that, in the current motion, Defendants' seek to "incorporate by reference their prior arguments" made in two of their previous motions. *See* Def. Mem. to Dismiss, p. 10. In other words, Defendants are quite literally repeating the very same arguments they made before. Defendants' arguments were, and remain, without merit and should all be rejected under the doctrine of law of the case. Each of Defendants' specific arguments is addressed briefly in turn.

**b. Failure to State a Claim.**

Contrary to this Court's prior two holdings, Defendants argue again that Plaintiff has failed to state claims for the violation of his Eighth and Fourteenth Amendment due process rights. Both arguments should be rejected.

Defendants' argument that Plaintiff has failed to state an Eighth Amendment claim constitutes a single sentence in their memorandum. *See* Def. Mem. Dismiss, p.8. This Court has already twice rejected Defendants' argument that there is no precedent to support the claim that Plaintiff's sentence in the SHU may have amounted to cruel and unusual punishment in violation of the Eighth Amendment. Indeed, this Court has held that Plaintiff "states a viable Eighth Amendment claim based on his three-year sentence in the [Special Housing Unite ("SHU")]" and that "development of the record during discovery will assist in determining whether Peoples' conditions of confinement in the SHU violated a clearly established Eighth Amendment right." *See Peoples v. Fischer*, 11 CIV. 2694 SAS, 2012 WL 1575302 (S.D.N.Y. May 3, 2012) ("May

2012 Order") at *9 *on reconsideration in part,* 11 CIV. 2694 SAS, 2012 WL 2402593 (S.D.N.Y. June 26, 2012) ("June 2012 Order"); June 2012 Order at *4. These decisions constitute law of the case with respect to these claims and Defendants do not demonstrate any basis for an exception to that doctrine.

In addition, Defendants again argue that Plaintiff's Fourth Amendment claim should be summarily dismissed because, Defendants assert, "[Mr. Peoples] received all the process that he was due." *See* Def. Mem. Dismiss, p.6; *see also* Def. Mem. Law Supp. Mot Dismiss p. 6 (Nov. 30, 2011). This Court has already rejected this argument. *See* May 2012 Order at *8. In particular, the Court found that Plaintiff adequately pled deprivation of a protected liberty interest "as the result of insufficient process" based on the allegation that there was "no evidence to support the sanction of three years in the SHU." *See id.* at *8.

When rejecting Defendants' prior attempts to dismiss Plaintiff's claims, the Court also noted the controlling Second Circuit authority holding that prisoners challenging the process prior to disciplinary SHU confinement should be given "latitude both in discovery and in presentation of pertinent evidence at trial" to develop relevant facts. *See* June 2012 Order at *4, citing *Colon v. Howard*, 215 F.3d 227, 232 (2d Cir. 2000). Defendants' argument that Plaintiff received all the process he was due to support the conviction, of course, says nothing at all about the sufficiency of the process he received, if any, at the time he was sentenced to three years of extreme isolation. Plaintiff's claim should proceed because whether he received proper process when he was sentenced to three years of SHU confinement for non-violent behavior is a question that requires full factual development through discovery. *See id.*

### c. Qualified Immunity on Plaintiff's Eighth Amendment Damages Claim

Defendants again argue that they are entitled to qualified immunity from Plaintiff's

damages claim by asserting that Plaintiff's Eighth Amendment rights were not clearly established at the time of the constitutional violation. *See* Def. Mem. Dismiss, p. 9. As a threshold matter, it should be noted that Defendants, both of whom have been sued in their individual and official capacities, cannot raise qualified immunity as a defense to Plaintiff's claims for declaratory and injunctive relief. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (noting that qualified immunity defense not available in § 1983 actions where injunctive relief is sought instead of or in addition to damages). Nor do Defendants move now to dismiss Plaintiffs' Fourteenth Amendment due process claim for damages.

This Court has twice rejected Defendants' argument that there is no clearly established law indicating that the length of a SHU sentence alone can be considered cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. *See* May 2012 Order at *9; June 2012 Order at *4. In its earlier decisions, this Court rejected Defendants' motion based upon qualified immunity because "Bezio and Rock violated a clearly established right protecting inmates from cruel and unusual punishment," *see* May 2012 Order at *9, and "a sentence of three years of SHU confinement for a non-violent infraction of prison rules could well be found to be grossly disproportionate, and, therefore, in violation of the Eighth Amendment," *see* June 2012 Order at *4.

As this Court noted in those rulings, well-settled Supreme Court and Second Circuit law establishes that grossly disproportionate disciplinary punishments in prison can violate the Eighth Amendment. *See, e.g., Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) ("Restraints on an inmate do not violate the [Eighth] amendment unless they are "totally without penological justification," "grossly disproportionate," or "involve the unnecessary and wanton infliction of pain.") (emphasis added) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346 (1980)); *see also*

13

*Horne v. Coughlin*, 155 F.3d 26 (2d Cir. 1998) (applying "grossly disproportionate" standard and finding that "six-month SHU detention for making sexually threatening comments" did not meet that standard under the facts of that case). The Court's rejection of qualified immunity based on well-established Supreme Court and Second Circuit caselaw is law of the case, and the Court should again reject Defendants' claims of qualified immunity on Plaintiff's damages claim.

### d. Defendant Rock's Lack of Personal Involvement

Defendant Rock's renewed motion to dismiss for lack of personal involvement appears to be premised on two factual assertions: (1) that Defendant Rock "would not have been in a position to overrule Defendant Bezio through the grievance process," and; (2) that Defendant Rock's involvement was limited to his grievance appeal in March 2011 and that "there is no basis to conclude that 8 months in the SHU for the infractions in question is unconstitutional." *See* Def. Mem. to Dismiss p. 10.

In support of their earlier motion to dismiss, Defendants similarly argued that Plaintiff "failed to allege facts showing personal involvement of many of the defendants" and that "promulgating rules or review[ing] disciplinary sanctions" does not constitute personal involvement. *See* Def. Mem. Dismiss 10 (Jan.27, 2012). The Court rejected these analogous earlier arguments, stating that Plaintiff adequately pled personal involvement of Defendant Rock. *See* May 2012 Order at *9. That decision is law of the case and Defendants provide no basis for reopening that ruling.

In addition, Defendants' factual assertions are entirely inappropriate for consideration on a motion to dismiss. *See, e.g., Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("a district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda."). Whether Defendant Rock could have overruled Defendant Bezio, and/or whether

Defendant Rock could have acted earlier to take corrective action, are questions of material fact to be tested in discovery and resolved on the merits. Furthermore, as noted above, Defendants assert that Defendant Rock cannot be held liable for continuing Plaintiff's SHU confinement for another eight months—after Plaintiff had already spent approximately 18 months in Defendant Rock's custody for non-violent behavior—because they assert this cannot amount to a constitutional violation. This assertion is incorrect as a matter of law and cannot be appropriately resolved until a full factual record regarding Plaintiffs' SHU confinement has been developed. *See supra,* Section II(b).

### e. Exhaustion of Remedies

Defendants merely incorporate by reference their prior arguments that Plaintiff has not administratively exhausted his claims under the PLRA. *See* Def. Mem. Dismiss, p.10. In response to those exact arguments, this Court held that Plaintiff "fully exhausted" his administrative remedies on those claims with regard to his three-year confinement in the SHU. *See* May 2012 Order at *9. That decision is the law of the case and the Court should deny the Defendants' renewed motion to dismiss for failure to exhaust administrative remedies.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court deny the Defendants' motion.

15

Dated:  September 10, 2012
         New York, New York

Taylor Pendergrass, Esq.  TP-3608
Christopher Dunn, Esq. CD-3991
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3344 (phone)
(212) 607-3318 (fax)
tpendergrass@nyclu.org

*Counsel for Plaintiff*

**On the brief:**

Gabriel Hopkins*
William Swearington*
Kyle Valenti*

Law Students
New York University School of Law
Civil Rights Clinic
  *Motion to be admitted under the student practice act to be filed.