UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEROY PEOPLES                                           :

                                   Plaintiff,   :

                                                :           11 Civ. 2694 (SAS)

    -versus-                                        :

NORMAN BEZIO,                               :
et al.                                                     :

                                 Defendants, :
------------------------------------------------------------X

**PLAINTIFF'S SUR-REPLY BRIEF
IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER VENUE**

Plaintiff submits this sur-reply to address new arguments raised in Defendants' reply in support of their motion to transfer venue.[1] Defendants' assertion that transfer is warranted is based on the mistaken contention that only the acts and omissions of the Defendants matter for the purpose of venue, and on a mischaracterization of Plaintiff's claims. Defendants' attempt to narrow the venue inquiry by ignoring the locus of the Plaintiff's injury conflicts with well-established law, and their mischaracterization of Plaintiff's claims is without merit and contrary to the prior rulings of this Court. When Plaintiff's actual Eighth and Fourteenth Amendment claims are evaluated under governing legal authority, it is clear that venue is proper because substantial events and omissions related to these claims occurred in this district.

Defendants' request for a discretionary transfer is similarly foreclosed. Defendants' reframed argument is focused on just two factors of the nine-factor test—the locus of operative facts and convenience of the parties. Defendants' assertion that the locus of operative facts weighs in favor of discretionary transfer fails for all the same reasons that a mandatory transfer of venue is not warranted. Defendants fail, again, to provide an affidavit in support of their contention that the Northern District would be a more convenient forum. In sum, when all nine factors are properly considered, Defendants still fall short of meeting their burden for transfer.

I. **VENUE IS PROPER BECAUSE A SUBSTANTIAL PART OF THE EVENTS AND OMISSIONS GIVING RISE TO PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT CLAIMS OCCURRED IN THIS DISTRICT.**

Defendants' reply is less than clear about which arguments they believe support a discretionary, rather than mandatory, transfer of venue. In a single paragraph at the end of their argument, Defendants assert that venue is not appropriate under Section 1391(b)(2) because "none of the Defendants reside [in this district] and a substantial part of the operative facts

---

[1] The Court granted leave for this sur-reply during a telephonic conference on October 5, 2012.

concerning the claims remaining in this action did not occur [in this district]." Def. Rep. at 3. Starting with this threshold issue first, Defendants' argument fails because it is premised on an erroneous interpretation of the law and of the claims, acts, and omissions in this case.

In *Daniel v. Am. Bd. of Emergency Medicine,* the Second Circuit set forth a two-prong test to determine whether a party has made a *prima facie*[2] showing under Section 1391(b)(2):

> First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question.

428 F.3d 408, 432 (2d Cir. 2005). Section 1391(b)(2) "contemplates that venue can be appropriate in more than one district" and "permits venue in multiple judicial districts as long as a 'substantial part' of the underlying events took place in those districts." *See Gulf Ins. Co. v. Glasbrenner,* 417 F.3d at 356. In a Section 1983 "constitutional tort" action, like any tort, "the locus of the injury [to the Plaintiff] is a relevant factor." *See, e.g., Harrison v. Samuel,* 05 CIV. 8914 (SAS), 2006 WL 1716867, *3 (S.D.N.Y. June 20, 2006) (Scheindlin, J.).

This Court has already identified the nature of Plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff's Eighth Amendment claim is that a 3-year sentence to extreme sensory isolation and deprivation in SHU for a non-violent rule infraction is a grossly disproportionate punishment. *See* May 3 Order at *9; *Peoples v. Fischer,* 11 CIV. 2694 SAS, 2012 WL 2402593 at *4 (S.D.N.Y. June 26, 2012). Plaintiff's Fourteenth Amendment claim is "that he was deprived of his liberty as a result of insufficient process in that there is no evidence to support the sanction of three years in the SHU" and that to satisfy due process, a prison disciplinary hearing must show "'some evidence' to support the sanction imposed." *Peoples v.*

---

[2] *See Gulf Ins. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005).

2

*Fischer*, 11 CIV. 2694 (SAS), 2012 WL 1575302 at *7,*8 (S.D.N.Y. May 3, 2012).

It is clear that a substantial part of the events and omissions material to these claims, including Plaintiff's injuries, took place in the Southern District. Plaintiff's misbehavior occurred in this district. Plaintiff's disciplinary hearing took place in this district. Whether the disciplinary process that took place in this district was inadequate to support the punishment is the core of Plaintiff's Fourteenth Amendment claim. Whether the punishment imposed in this district was grossly disproportionate in violation of the Eighth Amendment is at the core of Plaintiff's Eighth Amendment claim. The hearing process and the sentence, both of which occurred in this district, form the locus of Plaintiff's constitutional injuries. Under the second *Daniel* prong, these acts and omissions are clearly "substantial." *See Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 59 (2d Cir. 2007) ("[C]ourts are not, in general, required to determine the 'best venue,' but merely a logical one with a substantial connection to the litigation").

This conclusion is only strengthened by prior holdings that Plaintiff has adequately pled the personal involvement of the Defendants. *See* May Order at *9. Furthermore, Plaintiffs' *pro se* pleading (which newly-entered counsel in this case will move to amend[3]), in which he clearly had policy concerns in mind, should be read not just as alleging direct personal involvement of these defendants under the first *Colon* factor, but also as alleging the defendants' involvement in the creation and implementation of an unconstitutional policy under the third *Colon* factor. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiff alleges that defendants, and in particular SHU Director Bezio, were personally involved in creating and perpetuating a

---

[3] *See DeCarlo v. Fry*, 141 F.3d 56, 62 (2d Cir. 1998) ("[P]laintiffs should have had at least one further opportunity to state these claims as best they could, especially after the appointment of *pro bono* counsel."); *Bloom v. N.Y.C. Bd. of Educ.*, 00 CIV. 2728(HBP), 2002 WL 484689 (S.D.N.Y. Mar. 29, 2002) (Permitting newly acquired counsel to file second amended complaint to cure defects in complaint filed by *pro se* plaintiff).

unconstitutional policy that provided no meaningful constraints or procedural protections on SHU punishment, and these policies caused Plaintiff, like thousands of other individuals, to be sent to SHU for disproportionately long periods for non-violent misconduct.[4] In sum, a substantial part of the acts and omissions material to Plaintiff's injuries and his claims against Defendants' took place in this district.

The same argument made by the Attorney General here was recently advanced and rejected in another case challenging actions by Department of Corrections officials in *Doe v. New York*, 10-CV-1792 (RJD), 2012 WL 4503409 (E.D.N.Y. Sept. 28, 2012):

> Defendants . . . erroneously urge the Court to look only to the locus of the acts of the defendants. Defendants, however, appear to conflate the "statutory standard for venue," which focuses "on the location where events occurred," with the standard for personal jurisdiction, which focuses on "whether a defendant has made a deliberate contact ...." To be sure, consideration of the "relevant activities of the defendant" is a critical focus of any venue inquiry . . . but so too is consideration of the "locus of the injury," or "place where harm" to plaintiff(s) occurs . . . The Court accordingly rejects defendants' one-dimensional approach and instead embraces the more holistic analysis, endorsed in Daniel, which looks to the cause of action as a whole . . .
>
> While the alleged creation of the unconstitutional policy may or may not have occurred in N.D.N.Y., the continued implementation of the policy occurred not only in N.D.N.Y. while [plaintiff] was still incarcerated, but also in E.D.N.Y . . . The locus of defendants' actions alone, therefore, would suffice to confer venue in E.D.N.Y., but E.D.N.Y. is also the "locus of the injur[ies]" suffered by both [plaintiffs].

*Id.* at *4-5 (internal quotations and citations omitted). As in *Doe*, the application of the proper "holistic" venue analysis and an accurate characterization of Plaintiff's claims, and the acts and omissions related to those claims, makes clear that venue is appropriate in this district.

---

[4] The New York Civil Liberties Union recently published the results of a year-long investigation which found that Department of Corrections policies permit SHU to be used as punishment "as a disciplinary tool of first resort" and that these policies permit "corrections officials...wide discretion to impose lengthy periods of extreme isolation . . . including for minor and non-violent disciplinary infractions." *See BOXED IN: The True Cost of Extreme Isolation in New York's Prisons,* p.43 (Oct. 2012), available at http://www.boxedinny.org/.

4

## II. DEFENDANTS HAVE NOT CARRIED THEIR BURDEN TO JUSTIFY A DISCRETIONARY TRANSFER OF VENUE.

Although Defendants bear the burden of persuasion, they do not even address the nine-factor test balancing test for evaluating a Section 1404(a) motion. The Defendants' recapitulated argument for a discretionary transfer is premised on the erroneous interpretation of just two factors—the locus of operative facts and convenience of the parties. Defendants' argument related the locus of operative facts fails for all the same reasons discussed above. Furthermore, despite having now had two opportunities—the motion and the reply—to provide a factual affidavit to support the assertion that the convenience of witnesses weighs in their favor, Defendants have failed to do so. *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006). Indeed, it is clear that defending this action in this district is hardly a "remote" forum that would unfairly prejudice Defendants, as "it is not overly burdensome for [New York] state officials to travel to New York [City]." *See Sharif ex rel. Salahuddin v. N.Y. State Educ. Dep't*, 709 F. Supp. 345, 358 (S.D.N.Y. 1989); *see also Cancel v. Mazzuca*, 01 CIV.3129 NRB, 2002 WL 1891395 at *3 (S.D.N.Y. Aug. 15, 2002) (finding that requiring state officials, represented by the Attorney General's office to defend action in New York City is not an inconvenience under the nine-factor balancing test).

Finally, Defendants contend that the availability of *pro bono* counsel located in the Southern District to represent an indigent *pro se* plaintiff is irrelevant to this inquiry. *See* Def. Rep. at 3. This argument is without merit. The balancing analysis explicitly includes consideration of both the relative means of the parties and the interests of justice. *See Fellus v. Stern, Agee & Leach*, 783 F. Supp. 2d 612, 619 (S.D.N.Y. 2011) (Scheindlin, J.). In sum, balancing all the factors weighs in favor preserving Plaintiff's original choice of forum, because the locus of operative facts, efficiency concerns, and the relative means of the parties all weigh in favor of retaining venue, and the remaining factors are neutral or inapplicable.

Dated: October 12, 2012
New York, New York

					 *[signature]*
					 _____
					 Taylor Pendergrass, Esq. TP-3608
					 Christopher Dunn, Esq. CD-3991
					 New York Civil Liberties Union Foundation
					 125 Broad Street, 19th Floor
					 New York, NY 10004
					 (212) 607-3344 (phone)
					 (212) 607-3318 (fax)
					 tpendergrass@nyclu.org

					 *Counsel for Plaintiff*

**On the brief:**

Gabriel Hopkins*
William Swearington *
Kyle Valenti*

Law Students
New York University School of Law
Civil Rights Clinic
	*Motion to be admitted under the student practice act to be filed.