**EXHIBIT E**

# IMPORTANT NOTICE TO DOCCS PRISONERS
## ABOUT PROPOSED SETTLEMENT OF CLASS ACTION
## AFFECTING SPECIAL HOUSING UNIT POLICIES AND PROCEDURES

A proposed settlement has been reached in a federal civil-rights class-action lawsuit filed against the New York State Department of Corrections and Community Supervision ("DOCCS") and other defendants, entitled *Peoples, et al. v. Fischer, et al.*, Case No. 11-CV-2694. This lawsuit challenges the constitutionality of disciplinary confinement sanctions and conditions of Special Housing Units ("SHU") in the New York State prison system.

DOCCS and the lawyers for the proposed class of inmates have reached a settlement agreement regarding SHU policies and procedures that they believe is fair to both sides. This case did not seek monetary damages on behalf of the class and no money damages will be awarded to class members. If you are an inmate who is now serving, or will in the future serve, a disciplinary confinement sanction in SHU or in one of the "SHU Alternative Units" described below, then you are a member of the class. This notice explains the proposed settlement agreement, how you can read it, and how you can tell the Court whether you think it is fair. The settlement agreement is lengthy and its terms are complex.  Set forth below is only a brief summary of key provisions of the settlement agreement.  A copy of the settlement agreement and relevant attachments is available in the law library.  Inmates who cannot access the library can request a copy for review from their assigned Offender Rehabilitation Coordinator.

In brief summary, the key provisions of the settlement agreement require DOCCS to do the following over the next three years:

1. Implement policies ensuring SHU sanctions are imposed in a narrower range of circumstances, for shorter durations, and more consistently.

2. Implement policies ensuring incarcerated individuals can more consistently earn time cuts reducing their SHU sanctions for good behavior and program participation.

3. Modify the policies in SHU, with substantial changes for individuals expected to spend more than 180 days in SHU:

    a. Provide access to telephone calls for prisoners in SHU;
    b. Permit prisoners in SHU to enroll in correspondence courses;
    c. Increase access to reading materials within SHU;
    d. Increase access to commissary and personal property within SHU;
    e. Raise the number of in-person visits permitted for prisoners in SHU;
    f. Install shower curtains in all double-celled SHU cells;
    g. Ensure all SHU cells have access to audio programming;
    h. For inmates expected to spend 180 days or more in a SHU and deemed appropriate by DOCCS, provide access to congregate recreation and instructor-led cell-side rehabilitative programming;
    i. End use of the "loaf" and replace it with a sack lunch of regular food items;
    j. Implement policies limiting the issuance of "deprivation orders"; and
    k. Provide clear written notice upon admission to SHU of the prisoner's ability to request an out-of-cell, confidential interview with mental health staff.

4. Create and continue "Alternative Units" providing rehabilitative programming for individuals deemed appropriate by DOCCS who would otherwise be serving long confinement sanctions in SHU and provide more congregate interaction, more out-of-cell time and more privileges as compared to SHU:

    a. A "Step-Down" program to allow individuals with SHU sanctions of 9 months or longer the opportunity to earn their way back to general population by participating in congregate rehabilitative programming;
    b. A substance abuse program to provide intensive drug treatment programming for substance dependent individuals who would otherwise be serving a long sanction for a drug-related infraction in SHU;
    c. A "Step Down to the Community" program to provide re-entry programming to individuals who would otherwise be released directly from SHU to the community;
    d. "Separate Keeplock Units" with less restrictive conditions of confinement as compared to SHU for a substantial number of the inmates who would otherwise be confined to SHU for Keeplock;
    e. Continue the "Correctional Alternative Rehabilitation" program to provide programming for individuals with developmental disabilities and intellectual impairments in less restrictive conditions of confinement who would otherwise be in SHU;
    f. Continue the juvenile unit to provide rehabilitative programming targeted to individuals aged 16 and 17 in less restrictive conditions of confinement than SHU.

5. The Department will conduct a system-wide training for all DOCCS's staff, with a focus on staff working in SHU and Alternative Units. The training will support the above policies and alter daily interactions between staff and inmates in SHU.

6. The Agreement will allow plaintiffs' class counsel to receive data and documents, and conduct up to 40 days of expert tours over the expected five-year term of the agreement, that will permit plaintiffs' class counsel to review compliance with the Agreement.

7. The parties agree to a two-year review period following the completion of the largest construction project, the Southport Step-Down Program, which is expected to take 36 months. If that project is completed on schedule and there is no cause for extending the Settlement Term, the Agreement would terminate in 5 years.

    The lawyers representing the class have spent thousands of hours working on the case and, because it is a civil rights case, the lawyers would be entitled to an award of legal fees if the case was won in court. In order to settle the case, DOCCS will pay $1,100,000 for attorneys' fees, costs and disbursements, including incentive payments to the three named plaintiffs to compensate them for their role as class representatives in the lawsuit.

    THIS CASE DID NOT SEEK ANY MONEY DAMAGES FOR THE CLASS, AND THE SETTLEMENT WILL NOT AFFECT THE RIGHT OF ANY INDIVIDUAL TO SEEK DAMAGES FOR SIMILAR CLAIMS. THE SETTLEMENT DOES NOT ADDRESS THE CASES OF ANY SPECIFIC INDIVIDUALS EXCEPT FOR THE THREE NAMED PLAINTIFFS, AND ATTORNEYS FOR THE CLASS CANNOT OFFER AN OPINION ABOUT YOUR ABILITY TO PURSUE A CLAIM FOR MONEY DAMAGES AGAINST DOCCS.

The Judge in this case will hold a hearing to determine whether the settlement agreement is fair and reasonable on _____, at _____ in Courtroom 15C, at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

Inmates can write to the Court about the settlement's fairness. Comments MUST include the name of this case, *Peoples v. Fischer*, and the docket number 11-CV-2694 (SAS), at the top of the first page. Please note that the Court can only approve or deny the settlement; it cannot change the terms of the settlement agreement. Comments must be postmarked no later than _____. They can be sent to the following address:

>   Clerk of the Court
>   Attn: Solitary Confinement Settlement, 11-CV-2694 (SAS)
>   United States District Court, Southern District of New York
>   Daniel Patrick Moynihan United States Courthouse
>   500 Pearl Street
>   New York, NY 10007-1312

If you have any questions or want more information about the case, please write to the lawyers for the class at the following address:

>   New York Civil Liberties Union
>   Attn: Solitary Confinement Settlement
>   125 Broad Street, 19th Floor
>   New York, NY 10004