**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: March 30, 2021

LEROY PEOPLES ET AL,

        **Plaintiffs,**

-against-

ANTHONY ANNUCI ET AL,

        **Defendants**

11-CV-2694 (ALC)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

    Pending before the Court is Amin Booker's request for relief from the Court's judgement approving the Settlement pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 510). Amin Booker argues that the Elmira Correctional facility in which he is confined is not in compliance with a class action Settlement Agreement approved by this Court in March of 2016. For the reasons that follow, Mr. Booker's Motion is DENIED.

**DISCUSSION**

    On December 23, 2015, this Court certified a class defined as "All DOCCS Inmates who are now serving, or will in the future serve, a disciplinary confinement sanction in a SHU[1] or in one of the programs created under or referenced in the [below described] Agreement."

    On March 31, 2016, the court issued an opinion and order approving a settlement agreement between a class of plaintiffs imprisoned and Anthony Annucci, the Acting Commissioner of New York State Department of Corrections and Community Supervision. (Opinion and Order, ECF 329). The Court also approved a plan for providing notice to potential class members. Plaintiffs claimed the State's solitary confinement disciplinary practices violated

---

[1] Segregation Housing Unit.

the Eight and Fourteenth Amendments and were unconstitutional. The settlement agreement addressed Plaintiffs' concerns that disciplinary segregation was used to frequently for inappropriately lengthy time periods. Specifically, the Settlement Agreement provides for three broad categories of reform: (1) reductions in the frequency and duration of SHU sentences; (2) improvements to the conditions of SHU incarceration; and (3) mechanisms for implementation and enforcement of the agreed-upon measures. (Opinion and Order at 12). Provisions in the Agreement set out the specific changes in protocols and policies that State Corrections would need to implement. (Id. at 12–16).

Most members of the Class were supportive of the Agreement, but the Court received some objections. The objections fell "into three categories: (1) those requesting money damages; (2) those requesting additional information about the settlement terms and process; and (3) those expressing their disappointment that the settlement did not cover certain additional subjects." (Id. at 22). Further, some plaintiffs "expressed apprehension of DOC's ability to implement the settlement and urged the importance of ensuring DOC's compliance with the settlement's terms." (Id).

In accordance with Federal Rule of Civil Procedure 23(e), the Court considered the procedural and substantive fairness of the Settlement before approving the Agreement. Regarding procedural fairness, the Court explained that "class action settlement enjoys a presumption of fairness where it is the product of arm's length negotiations between experienced and capable counsel (Id. at 26) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)). As to substantive fairness, the Court considered the so-called "Grinnell factors" listed below:

> (1) The complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of enabling liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability

>of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

(Opinion and Order at 27). The Court approved the settlement, finding it to be fair and reasonable in light of these factors as applied. (I*d.* at 28).

On March 2, 2020, Amin Booker—a member of the Class—moved for relief from the settlement agreement pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 510). He states that he has been in the SHU at the Elmire Correctional facility since April 22, 2015. Mr. Booker argues that the Elmira facility is not in compliance with the Agreement.

Defendants responded to Booker's motion, arguing that under the Settlement Agreement, Class Counsel is the only party able to enforce the Agreement or hold defendants in contempt. Defendants cite Section XXI of the Agreement, which states:

>Any complaints or concerns by any member of the class relating to the Agreement shall be referred to class counsel, who shall determine whether action, if any, is permitted or warranted under § XIII. The enforcement provisions § XIII are exclusive and only class counsel may seek enforcement of any of the terms and conditions of this Agreement. Except for motions by class counsel pursuant to § XIII, no person, including any member of the class, may serve or file any contempt motion for alleged non-compliance with a term of this Agreement or to bring any separate action or proceeding based upon this Agreement.

"[T]he Settlement Agreement is a binding contract that is subject to the general principles of contract interpretation." *Morris v. Affinity Health Plan, Inc.*, 928 F. Supp. 2d 805, 810 (S.D.N.Y. 2013). Under the plain text of the Agreement, individual class members who approved the Settlement must go through class counsel to file formal complaints for relief from judgment and/or judgment enforcement. Accordingly, Class Counsel should take note of and consider Mr. Booker's concerns in determining whether a class complaint is justified, however, the Court must dismiss Mr. Booker's claim.

Should Mr. Booker wish to move to remove the New York Civil Liberties Union as Class Counsel, that is a distinct motion that Mr. Booker will need to file. Relatedly, should Mr. Booker seek to file an ineffective assistance or other action regarding Class Counsel, he must file *pro se* or with independent counsel, an entirely new complaint to that effect.

**SO ORDERED.**

**Dated**:   **March 30, 2021**
            **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**