USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __9/30/22____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LEROY PEOPLES, ET AL.,                          :
                                                :
                          Plaintiffs,           :
                                                :     11-CV-2694 (ALC)
             -against-                          :
                                                :     OPINION AND ORDER
ANTHONY ANNUCCI, ET AL.,                        :
                                                :
                          Defendants.           x
-------------------------------------------------------------------

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Leroy Peoples, Tonja Fenton, and Dewayne Richardson, on behalf of themselves and the class, bring this motion for relief from judgment pursuant to Rules 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, seeking a one-year extension of the settlement agreement, ECF No. 331 ("Settlement Agreement" or "Agreement"). For the reasons below, the Court GRANTS Plaintiffs' motion.

This class action challenged solitary confinement practices in New York State Department of Corrections and Community Supervision ("DOCCS") facilities. In 2016, the parties entered into the Settlement Agreement, which provided that Plaintiffs would monitor DOCCS' compliance with the settlement through various measures, including four-day facility tours held twice each calendar year, attended by Plaintiffs' expert, as well as an annual meeting. The tours and meetings proceeded as planned until the COVID-19 pandemic. The first tour to be held since the onset of the COVID-19 occurred in September 2021.

Plaintiffs first approached DOCCS in March 2021 with the proposal to extend the Agreement by one year. On April 21, 2021, DOCCS wrote that it did "not believe an extension is warranted." ECF No. 539-4 at 4. DOCCS offered to schedule additional tours during the current year instead. Plaintiffs renewed their request on July 26, 2021, and

1

Defendants' counsel agreed to propose the extension to Defendants. Plaintiffs' counsel followed up on August 16, 2021, August 27, 2021, and September 8, 2021. On September 10, 2021, Defendants responded that the matter of extension could be addressed at the September 28, 2021 and September 30, 2021 tours. Plaintiffs requested that Defendants instead respond by September 20, 2021 because "further delay would prevent us from bringing this issue to the Court's attention should the parties fail to reach consensus on an appropriate extension." ECF No. 544-1 ¶ 8. Having received no response, Plaintiffs filed their pre-motion conference letter regarding the instant motion on September 29, 2021. ECF No. 525.

Under Federal Rule of Civil Procedure 60(b)(5), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).[1] "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b)(5) codified courts' power to "modify their decrees or injunctions in light of changed circumstances." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016).

A motion for relief pursuant to Rule 60(b)(5) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Reasonableness is "determined based on the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (internal quotation marks and citations omitted).

While the Court acknowledges that Plaintiff's pre-motion letter regarding this motion was filed shortly before the Agreement was to expire, the Court finds that the motion was timely given the circumstances. For approximately six months prior to their pre-motion letter, Plaintiffs made

---

[1] As the Court grants the motion on Rule 60(b)(5) grounds, Rule 60(b)(6) is not addressed.

2

multiple good faith efforts to resolve the issue of extension consensually before bringing it to the Court. Defendants did not respond to Plaintiffs' various attempts despite knowing that the Agreement was soon terminating. The interests of finality do not pose a barrier here—Plaintiffs brought this motion before—albeit close in time to—the termination of the settlement's monitoring period and have made clear that they are requesting a limited one-year extension to account for the time lost due to COVID-19. Thus, there is no significant encroachment of the "tangible interest in avoiding the costs, uncertainty, and even disrespect reflected by repeated and otherwise unfounded challenges to [the court's] judgments." *Thai-Lao Lignite*, 864 F.3d at 188. Similarly, the Court declines to hold that Defendants will be prejudiced such that any prejudice should outweigh the reasons for granting the motion. Based on the clear terms of the Agreement and the already-established practice of facility visits and annual meetings, Defendants anticipated a certain number of visits, occurring in a certain format (in-person), at certain times of the calendar year. COVID-19 necessarily changed that expectation temporarily. Requiring Defendants to partake in the same process to which they had previously agreed for the commensurate period of time that was missed (one year) does not significantly prejudice Defendants.

      Rule 60(b)(5) may be invoked when there are "changes in circumstances that were beyond the defendants' control and were not contemplated by the court or the parties when the decree was entered." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 380–81 (1992). The Second Circuit has not spoken directly on this issue but has implied that a party can only prevail under Rule 60(b)(5) if it points to a "material, relevant change in fact or law." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 222 F. App'x 25, 26 (2d Cir. 2007).

      Here, COVID-19 was, of course, not contemplated at the time of the Settlement Agreement, and the change in fact and circumstances resulting in the cancelled visits were beyond

the parties' control. Further, COVID-19 materially affected Plaintiffs' ability to monitor Defendants' compliance with the Settlement Agreement as Plaintiffs could not partake in the crucial in-person visits and meetings, without which Plaintiffs could not carry out their duties under the Agreement.

Defendants' remaining arguments are without merit. Accordingly, the motion for relief from the order of settlement is granted.

The Court extends the Settlement Agreement for a period of one year, to begin at the date of this Order. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 538.

**SO ORDERED.**

**Dated: September 30, 2022**
      **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**